[L. A. No. 4606. Department Two.—November 19, 1918.]

SECURITY INVESTMENT COMPANY, a Corporation, Appellant, v. CHARLES M. GIFFORD et al., Copartners, Respondents.

CHANGE OF PLACE OF TRIAL — CONVENIENCE OF WITNESSES — RULE— ABUSE OF DISCRETION.—Neither the convenience of experts nor of employees should be considered in determining the question of the convenience of witnesses, on a motion for change of venue on this ground, except where the experts also have personal knowledge of the facts upon which their testimony is to be based; and it is an abuse of discretion for the court to deny a motion for change of venue on this ground to a county where the facts in controversy arose and in which the moving party has eleven witnesses, whose testimony is alleged to be relevant and material, while the witnesses of the other parties consist of eleven experts, having no knowledge of the facts, and another who is their employee, and the effect of the order transferring the case to a third county is to require the moving party to present its case to a jury by depositions.

APPEAL from an order of the Superior Court of San Diego County denying a motion for change of venue and transferring the action to another county. W. A. Sloane, Judge. Reversed.

The facts are stated in the opinion of the court.

Brittain & Kuhl, and Andrews & Wright, for Appellant.

Eugene Daney, and Fred O'Farrell, for Respondents.

WILBUR, J.—Plaintiff moved for a change of venue from San Diego County to Butte County on the ground of the convenience of witnesses. The court denied the motion and transferred the case to Fresno County. The distance from Butte County to San Diego is 659 miles. (Pol. Code, secs. 154, 186.) The distance from Butte County to Fresno is 255 miles. (Pol. Code, secs. 154, 160.) The question presented is whether or not the court abused its discretionary power in denying the motion. (*Clanton* v. *Ruffner*, 78 Cal. 268, [20 Pac. 676].) The controversy between the parties grows out of a contract entered into between them in Au-

gust, 1910, whereby the defendants agreed to purchase the olives grown by the plaintiff upon its land located at Palermo, Butte County, California. The main question in the case is as to whether or not certain olives alleged to have been delivered by the plaintiff to the defendants were of such a quality as to require their acceptance by the defendants. A dispute also exists as to whether or not there was an actual delivery of olives under the contract. The parties in their briefs do not agree as to the proper construction of the pleadings as to the issues raised thereby. We do not undertake to determine that controversy, nor to critically analyze the pleadings and issues. We have, however, sufficiently stated the general nature of the controversy to show the character of evidence necessary to establish the contention of the parties. If the pleadings for any reason do not present the real controversy they can, of course, be amended to do so. Plaintiff, in its affidavit used on the motion, named eleven witnesses residing in Butte County, within five miles of Oroville, the county seat, whose testimony is deemed relevant and material. If the case is tried in either Fresno or San Diego County, it will be necessary to take the depositions of these witnesses, as they cannot be compelled to attend upon the trial. (Code Civ. Proc., sec. 1986.) Plaintiff has demanded a jury and desires to present its witnesses before the jury. Defendants, in opposition to plaintiff's motion, filed an affidavit in which they name their witnesses and state the testimony expected from each. Eleven of these witnesses are expert witnesses, having no knowledge of the facts in the case. The only other witness of defendants residing in San Diego County is Mabel Spencer, an employee of defendants, who, it is said, will testify ''as to all disputes between the parties.'' Neither the convenience of experts nor of employees should be considered in determining the question of the convenience of witnesses, except where the experts also have personal knowledge of the facts upon which their testimony is to be based. (*Bushnell* v. *Durant*, 83 Hun, 32, [31 N. Y. Supp. 608]; *Quinn* v. *Brooklyn Heights R. Co.*, 88 App. Div. 57, [84 N. Y. Supp. 738]; *Groff* v. *Rome Metallic Bedstead Co.*, 98 App. Div. 152, [90 N. Y. Supp. 691].) The effect of the order was to require the plaintiff to present its case to a jury by depositions, an expensive and unsatisfactory mode of trial, while Butte County was the place where most

of the witnesses lived and the facts in controversy arose. Plaintiff's motion should have been granted.

Order reversed.

Melvin, J., and Lorigan, J., concurred.