[Civ. No. 116.   Fourth Appellate District.—May 20, 1930.]

PACIFIC STATES CORPORATION, Respondent, v. J. F. SHEPARDSON et al., Appellants.

Osborn & Burum for Appellants.

Russell & Heid for Respondent.

AMES, J., *pro tem.*—The plaintiff brought this action in the county of Tulare against J. F. Shepardson and Zora Shepardson, individually and as copartners doing business under the firm name and style of Shepardson Construction Company, defendants, who are the only defendants named in the complaint.

The complaint is in the form of a common count by which plaintiff seeks to recover a sum of $1509.94, alleged to be due and unpaid upon an open account for goods, wares and merchandise sold and delivered by plaintiff to the defendant and for money advanced by plaintiff for defendants, all at defendants' special instance and request. The plaintiff further alleges that the plaintiff is a corporation organized and existing under and by virtue of the laws of the state of California, and that the defendants are copartners doing business under the firm name and style of Shepardson Construction Company. The answer admits the

existence of the plaintiff as a California corporation but denies generally each and all of the other allegations of plaintiff's complaint.

Simultaneously with the filing of their answer the defendants served and filed a demand for a change of place of trial to the county of Kern, on the ground that the county of Tulare was not a proper county for the trial of said action, and that both defendants (who are husband and wife) were residents of the county of Kern. Said demand was accompanied by a notice and affidavits, and the sufficiency of this proceeding is not attacked by respondent, but at the time of the hearing of said motion a counter-motion was made by respondent to retain the cause for trial in the county of Tulare on the ground of the convenience of witnesses and, after a hearing of both of said motions, the court denied appellants' motion and ordered the case retained in the county of Tulare, and from that order this appeal is taken.

Respondent's motion is supported by an affidavit of J. A. Thomas, Jr., the assistant manager of the Tagus ranch property of the respondent. It is alleged in said affidavit that Thomas was a resident of the county of Tulare and had direct charge of the transactions between the parties to this litigation out of which the cause of action set forth in plaintiff's complaint arose, and that he will testify that plaintiff and defendants entered into an agreement whereby the defendants were to construct on said Tagus ranch in the county of Tulare three concrete well-pits, and that in connection with such construction work the defendants agreed to purchase from the plaintiff certain materials needed by them in the doing of said work, and that said defendants would pay the plaintiff for the transportation thereof and for certain other services to be rendered by it, and that defendants agreed to pay the plaintiff such moneys as might be paid by plaintiff to defendants for work which should not prove satisfactory, and which would not be in full accordance and compliance with the plans and specifications for the doing of said work. It is further alleged in said affidavit that affiant would testify that the articles theretofore mentioned in his affidavit were delivered to defendants; that certain moneys were paid out and expended by plaintiff for the account of defendants in con-

nection with the labor performed by them, and that other items accrued in favor of the plaintiff on account thereof, and that certain moneys were paid to defendants by plaintiff for the services rendered by them which were not in accordance with the plans and specifications for said work, and that the same were duly and regularly entered upon the books of account of said plaintiff and that there remained due plaintiff the sum of $1509.94, also that affiant would further testify that defendants entered upon the construction of said well-pits and completed the same; that thereafter two of said well-pits caved in and were not constructed in accordance with the plans and specifications agreed upon for the doing of said work, that in addition to affiant, seven other witnesses whose testimony would be material to the issues in the case would be called by plaintiff; that all of said seven witnesses were residents of the county of Tulare, two of whom were the county surveyor of Tulare County and an employee in his office, both of whom inspected the work of construction of said well-pits, and both of whom would testify that the same was defective and not in accordance with the requirements of the contract. That four other witnesses will testify that they delivered materials to, or performed labor for, defendants, charges for which are entered in the books of account of the plaintiff, and one of which witnesses was the bookkeeper of the plaintiff who had charge of the entries made therein, and would testify that the same were correct and kept in the ordinary course of business of the plaintiff.

A counter-affidavit of appellant J. F. Shepardson, which was filed at the hearing of the motion, admitted the execution of the contract for the construction of said well-pits, and alleged that the same was in writing, and also that a certain material witness residing in the county of Kern would testify to the effect that said work was done under the direct supervision of the plaintiff's engineer; and contained the further allegation upon information and belief that the witnesses mentioned in the affidavit of Thomas are either employees of plaintiff or were employed by it at the time of the construction of the pits or are expert witnesses.

■ Appellants contend that the affidavit of Thomas discloses the fact that all of respondent's witnesses are either employees of plaintiff or expert witnesses, and for that

reason the evidence which it is claimed they will offer at the trial should be disregarded (citing *Security Investment Co.* v. *Gifford,* 179 Cal. 277 [176 Pac. 444, 445]), but it further appears from said affidavit that the evidence to be offered by the experts will be based not only upon their technical knowledge, but upon information which they obtained from a personal inspection of the well-pits, after they are alleged to have collapsed.

It was said in *Security Investment Co.* v. *Gifford, supra,* "neither the convenience of experts nor of employees should be considered in determining the question of the convenience of witnesses, except where the experts also have personal knowledge of the facts upon which their testimony is to be based."

Nor does it appear either from the affidavit of Thomas or that of appellant Shepardson that any of respondent's witnesses other than Thomas and the bookkeeper are present employees of respondent, or were so employed at the time the affidavits were made. Four of said persons, it is averred, "will testify that they delivered materials to or performed labor for defendants, charges for which are entered in the books of account of the plaintiff." Obviously this allegation has reference to services rendered at the time of the construction of the well-pits, but it nowhere appears in the affidavit of Thomas that they were, at the time of making the affidavit, still in the employ of respondent, ▮ nor can the contention of appellants be supported by the last clause of the affidavit of Shepardson, wherein it is alleged on information and belief that "all of the witnesses mentioned in the affidavit of J. A. Thomas are either employees of plaintiff or were employed by it at the time of the construction of said pits," this allegation being based on information and belief. It is hearsay in character, and may be disregarded by the court. (1 Cal. Jur., p. 671.)

▮ Appellants contend that the affidavit of Thomas, upon which respondent's motion is based, is replete with conclusions and matters immaterial to the issues as framed by the pleadings. It may be true that neither the affidavit of Thomas nor that of appellant Shepardson is free from conclusions, but the agreement for the construction of said well-pits is admitted in the counter-affidavits of Shepardson and there are sufficient allegations of probative fact in the

affidavit of Thomas, aside from the conclusions contained therein, from which the court can infer what facts are or may be material to the issues and which the plaintiff expects to prove at the trial. If this is not material or competent to the issues as framed by the pleadings, this court, in passing upon an appeal from the order refusing to change the place of trial, may anticipate that the trial court, upon being so advised, will authorize whatever amendment to the pleadings may be proper, that the same may conform to the proof to be offered at the trial. (*Security Investment Co.* v. *Gifford,* 179 Cal. 277 [176 Pac. 444].)

Certain allegations, in the counter-affidavit filed by the appellants are in conflict with the allegations contained in the affidavit of respondent, but in considering the affidavits upon which said motion was based this court is bound by the same rule that controls where oral testimony is presented for review, and if there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered established. (*Sourbis* v. *Rhoads,* 50 Cal. App. 98 [194 Pac. 521]; *Marston* v. *Watson,* 20 Cal. App. 465 [129 Pac. 611].)

In reviewing an order made on a motion of this character the trial court is vested with a broad discretion and the order will not be disturbed unless it appears that such discretion has been abused. It was said in *Pascoe* v. *Baker,* 158 Cal. 232 [110 Pac. 815, 816] :

"Much is necessarily confided to the discretion of the trial court on motions for change of place of trial on the ground of convenience of witnesses, and it is only where it is clear that there has been an abuse of such discretion that this court will interfere."

In view of the fact that it appears from the affidavit upon which the motion was granted that seven witnesses in addition to the manager of plaintiff are residents of the county of Tulare, and disregarding the conflict presented by the counter-affidavit of appellants, only one of their witnesses resides in the county of Kern, or elsewhere than in the county of Tulare, we are not prepared to say that the trial court abused its discretion.

The order appealed from is affirmed.

Marks, Acting P. J., and Barnard, J., concurred.