[S. F. No. 13483. In Bank.—July 20, 1931.]

MARIAN WRIN, Appellant, v. RAE OHLANDT, as Administratrix, etc., Respondent.

L. E. Johnston, Daniel W. Hone and Leo B. Hone for Appellant.

Dennis M. Duffy for Respondent.

CURTIS, J.—Appeal from an order denying plaintiff's motion for a change of venue from the county of Napa to the city and county of San Francisco upon the ground of the convenience of witnesses. Substantially the only issue in said action pending in the Superior Court of the County of Napa involved the reasonable value of certain medical

services rendered defendant's intestate by two physicians, the assignors of the claims sued on. In plaintiff's affidavit in support of her motion for a change of venue to the Superior Court of the City and County of San Francisco she set forth the names of these two physicians and that of one other, Dr. Lawrence Hoffman, all residents of the city and county of San Francisco, as witnesses who would testify that the services rendered by said physicians were of the reasonable value of $2,500, the amount claimed by plaintiff as the reasonable value of said services. In the counter-affidavit filed by the defendant the latter gave the names of two physicians, residents of the county of Napa, who would certify as witnesses for the defendant that the services performed by the assignors of plaintiff were not of the reasonable value of $2,500. In said affidavit it is stated that defendant would prove by one of said witnesses that the reasonable value of said services of each of said two physicians, plaintiff's assignors, was the sum of $375. As to the second witness, the amount which he would fix as the reasonable value of said services was left blank, probably by inadvertence. In addition to the three medical witnesses named by plaintiff in her said affidavit, she set forth the names of some six nurses, residents of said city and county of San Francisco, who, so it was averred in said affidavit, would testify that the services which were made the basis of the claim sued on were rendered by the assignors of the plaintiff, and also as to the nature of said services.

As the defendant in her answer raises no issue as to the performance of said services, the testimony of these six nurses was not material to any issue in the case. Upon this state of the record the trial court denied the motion of plaintiff for a change of venue to the city and county of San Francisco.

It is well settled that a motion for a change of venue granted upon the convenience of witnesses rests largely in the discretion of the trial court, the exercise of which will not be disturbed on appeal in the absence of a showing of its abuse. (*Blossom* v. *Waller*, 30 Cal. App. 439 [158 Pac. 509]; *Scott* v. *Stuart*, 190 Cal. 526 [213 Pac. 947].)

Two of the witnesses relied upon by the plaintiff are the two physicians who performed the services which

were the subject of the claims sued on, and it may be reasonably presumed that they are the real parties in interest as plaintiffs in the action. The inconvenience of the parties in attending the trial is not a factor to be considered in a motion of this character. (*Blossom* v. *Waller, supra.*) Eliminating these two witnesses would leave only one witness for the plaintiff who would be inconvenienced by the trial of the action in Napa County. Furthermore, there is no showing that this remaining witness has any personal knowledge of any of the facts in the case. ▮ If called, he will testify simply as an expert witness as to the value of the services rendered by the assignors of the plaintiff. In the case of *Security Inv. Co.* v. *Gifford,* 179 Cal. 277 [176 Pac. 444], this court held that the convenience of expert witnesses having no personal knowledge of any facts in the case should not be considered in determining the question of the convenience of witnesses.

Upon the foregoing statement of the facts in this case and the law applicable thereto, we are of the opinion that appellant has signally failed to show any abuse of discretion on the part of the trial judge in denying appellant's motion for a change of venue.

The order is affirmed.

Preston, J., Shenk, J., Seawell, J., Waste, C. J., and Nourse, J., *pro tem.,* concurred.