[L. A. No. 13967. In Bank.—March 27, 1934.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Executor, etc., et al., Respondents, v. HARRISCOLOR FILMS, INC. (a New Jersey Corporation) et al., Appellants.

Victor F. Collins for Appellants.

Raphael Dechter, Goudge, Robinson & Hughes and David A. Sondel for Respondents.

SEAWELL, J.—This is an appeal by the defendants from a judgment foreclosing a mortgage on real property.

It is first urged that the trial court erred in denying defendants' motion for a continuance of the trial. This motion was supported by an affidavit of defendants' counsel to the effect that the principal office of the defendant corporation was in the city of Newark, New Jersey, and that the president of the corporation, who alone was asserted to be familiar with the facts involved in this litigation and whose presence was averred to be essential to a proper defense of the action, had left the state upon the advice of counsel that the cause would not be reached for trial until approximately July, 1932.

Inspection of the record discloses that the complaint was filed July 16, 1931. The corporation defendant filed its original answer on August 27, 1931, and its amended answer on September 28, 1931. The individual defendants, who were joined merely for the purpose of foreclosing any interest they might have in the mortgaged property and not as debtors on the principal obligation, which was purely a corporate debt, filed their answer on February 10, 1932. Thereafter and on March 5, 1932, counsel for the plaintiffs filed an affidavit and notice of motion for "short cause setting". The motion to set was made on March 11, 1932, at which time the cause was set down for trial on April 22, 1932. On April 8, 1932, two weeks prior to the time set for trial, counsel for the defendants filed the affidavit above referred to requesting a continuance until July or August, 1932.

A motion for continuance is, of course, addressed to the sound discretion of the trial court and, in the absence of a clear showing of abuse in the exercise thereof, an appellate court will not disturb the ruling thereon. We find no abuse of discretion in the present case. It was not unreasonable

to require the defendants to be ready for trial approximately two and one-half months after the filing of the last answer and the bringing of the cause to issue. Moreover, the affidavit filed in support of the motion merely refers to the absence of the corporate officers and makes no attempt to aver or establish physical or financial inability to be present at the trial.

At the time set for trial the defendants, through counsel, renewed the motion for a continuance. The request was again denied, whereupon the defendants declined to offer any evidence in opposition to plaintiffs' showing. Judgment followed for the plaintiffs. ▮▮ Defendants contend that plaintiffs' evidence is insufficient to show ownership in them of the note and mortgage. The contention lacks merit. We have examined the transcript and find that the evidence, both oral and documentary, definitely establishes plaintiffs' ownership in these instruments in the respective undivided shares or interests claimed by them in the complaint and approved by the court in its findings.

▮▮ It is finally urged that the court below erred in striking out an affirmative defense of the corporate defendant, wherein it was alleged, in substance, that the mortgage sought to be foreclosed had been executed by the defendant corporation as a purchase-money mortgage in consideration for which the mortgagee agreed and undertook to transfer to the mortgagor an exclusive license in and to the use of certain inventions and patents; that it was subsequently decreed and adjudged in an action between the parties thereto or their representatives that the corporate defendant (mortgagor) in consideration of the execution and delivery of said note and mortgage "had lawfully acquired an exclusive license" in and to the use of said inventions and patents; that said judgment is now final; that the defendant corporation, as mortgagor, had since ascertained that the mortgagee perpetrated a fraud upon it and by reason of prior transfers to third persons was unable to and in fact failed to transfer to it an exclusive license to use said inventions and patents; and that this evidence of fraud was unavailable to it at the time of the entry of the judgment referred to which undertook to and did adjudicate the respective rights of the parties. In support of this affirmative defense the defendants now urge that the prior suit and

judgment proceeded upon the theory or assumption that the mortgagee had transferred such exclusive license to the mortgagor and that the issue was neither presented nor adjudicated therein. In view of defendants' allegation and concession that the judgment, now final, entered in the prior action decreed that the corporate defendant herein, in consideration of the execution of the note and mortgage here sued on ''had lawfully acquired an *exclusive* license'' in and to the use of the inventions and patents covered by the agreement,' it is immediately apparent that the affirmative defense and the argument here made in support thereof constitute, at best, a collateral attack upon a final judgment, valid upon its face. This being so, it was proper for the court below to strike out such abortive affirmative defense. Assuming the facts to be as alleged in the stricken defense, there are other and sufficient remedies available to the mortgagor.

What has been said sufficiently disposes of defendants' further contention that it was error for the trial court to subsequently refuse to allow the filing of an amended answer intended to reinstate this defense.

The judgment is affirmed.

Thompson, J., Shenk, J., Curtis, J., Preston, J., and Waste, C. J., concurred.