[Civ. No. 1528.   Fourth Appellate District.—March 7, 1935.]

HENRY BARNETT et al., Respondents, v. THE UNITED OIL COMPANY (a Corporation), Appellant.

176

Gibson, Dunn & Crutcher, Forgy, Reinhaus & Forgy and Bruce Wallace for Appellant.

Holton & Schuelke, Rutan & Mize and Walter E. Schuelke for Respondents.

JENNINGS, J.—The United Oil Company, a defendant in the above-entitled action, appeals from an order denying its motion for a change of venue from Orange County, where the action was instituted, to the county of Los Angeles. The notice of motion specified that the ground therefor would be the convenience of witnesses and that it would be based upon the records and files of the action and upon an affidavit attached to said notice. At the time the motion was heard the files of the action comprised the verified complaint of the plaintiffs and a verified answer filed by the above-named defendant. In addition to the affidavit which was presented by the defendant in support of the motion a counteraffidavit in opposition thereto was filed by the plaintiffs.

It is conceded that a trial court in passing upon a motion of this character is vested with a wide discretion and that a reviewing court is justified in reversing the order only when it is made to appear that the trial court has committed a plain abuse of such discretion. It is, however, contended that the record herein sufficiently shows an abuse of discretion in the denial of the motion and that the order should therefore be reversed. Proper consideration of the contention thus advanced requires some reference to the pleadings and demands careful analysis of the affidavit filed in support of the motion.

The complaint is entitled "Complaint for Accounting of Royalties from Oil and Gas Lease". It purports to state a cause of action against the appellant as assignee of the original lessees under an oil and gas lease executed by the predecessors in interest of respondents for an unknown sum of money claimed to be due as royalties from the sale of gasoline and resulting dry gas derived from natural gas produced from the leased premises. The Signal Hill Gasoline Company is joined as a party defendant to the action

under allegations that it was, during part of the time for which an accounting is demanded, under joint ownership and control with the appellant. The prayer of the complaint is that appellant be required to render a true and correct accounting to respondents with respect to all natural gas, gasoline, gas and other hydrocarbon substances (except oil) produced from the leased premises and in particular that appellant be required to show fully and accurately the amount of gasoline produced and the actual cost of extracting gasoline from the natural gas and the price obtained from the sale of such gasoline and that from such accounting the amount of money due from appellant to respondents as royalties be determined and that judgment for such amount be rendered in favor of respondents.

The principal defense alleged by the answer is that appellant is not the assignee of the lease described in the complaint, but that it is the assignee of a sublease executed by an assignee of the original lessee and is therefore not bound by the provisions of the original lease, but is only accountable in accordance with the terms of the sublease. It is, however, further alleged that appellant has voluntarily accounted correctly to respondents for all amounts due and has regularly paid such amounts. The answer contains a specific denial that appellant and its codefendant were at any time for which an accounting is demanded under joint ownership and control. A number of special defenses are also pleaded. One of these is entitled to particular mention because of its bearing upon the question of the convenience of certain witnesses named and described in appellant's supporting affidavit.

This special defense is based upon an alleged defectiveness in the complaint because of the nonjoinder of a necessary party defendant to the action. The material allegation of the special defense in this regard may be epitomized as follows: That the complaint is defective for the reason that there has been omitted therefrom the name of a defendant essential to a complete and final determination of the issues presented by the complaint and answer, to wit, William C. McDuffie, as receiver of the Richfield Oil Company of California, who is a necessary party to the action for the reason that appellant and its codefendant, Signal Hill Gasoline Company, are subsidiary corporations of the Richfield Oil

Company of California, for which latter corporation the aforesaid William C. McDuffie was appointed receiver on January 31, 1931, by the United States District Court for the Southern District of California in a certain action pending before said court and the said receiver was ordered and directed to operate all of the properties, *inter alia,* of appellant and its codefendant jointly and as a unit with all other properties of the receivership estate of the Richfield Oil Company of California. It is further alleged that the subleasehold estate owned by appellant was, on the date on which the receiver was appointed, property of appellant, and that in obedience to the aforementioned order of the United States District Court, the receiver has at all times subsequent thereto maintained, preserved, and operated said subleasehold estate of appellant and has received all proceeds derived from its operation and has paid all expenses incurred in its operation, such proceeds being placed in and such expenditures for operation being taken from the joint assets of the receivership estate of the Richfield Oil Company of California and of its subsidiaries, among whom are appellant and its codefendant. It is further alleged that by reason of the operation of said subleasehold estate of appellant by the aforementioned receiver any wrongful acts in connection therewith which may have occurred subsequent to the appointment of the receiver have been the acts of the receiver and not the acts of appellant or its codefendant and the said receiver is therefore primarily and ultimately liable for such acts and a complete and final determination of the issues raised by the pleadings cannot be had unless the said receiver is made a party to the action.

Appellant particularly maintains that the counteraffidavit filed by respondents in opposition to the motion was entirely insufficient to warrant the trial court in retaining jurisdiction of the action and in denying the motion for change of venue. This may here be conceded. The concession does not, however, alone justify reversal of the order since it is appellant which sought a change of venue on the ground of convenience of witnesses. Upon appellant, therefore, was imposed the burden of making a satisfactory showing that the convenience of witnesses demanded a change of place of trial and unless it is apparent from such showing

that the court arbitrarily abused its discretion in denying the motion the order must stand.

Appellant's supporting affidavit alleges that the facts which it expects to prove will be established by the testimony of nine witnesses who are named and described in the affidavit. One of these witnesses is the affiant, who is stated to be an active officer of the appellant. Two other witnesses are shown to be employed in some capacity by appellant's codefendant Signal Hill Gasoline Company. We do not understand that it is here contended that the trial court in passing upon the motion was required to consider the convenience of these three witnesses. ▮ Such contention, if made, would be unavailing, since the rule is well settled that the convenience of employees of a party to an action need not be consulted in passing upon a motion for change of venue (*Security Investment Co.* v. *Gifford,* 179 Cal. 277, 278 [176 Pac. 444]). Of the remaining six witnesses mentioned in the affidavit, five of them are shown to be employed by the receiver of Richfield Oil Company of California. The last-named corporation is not a party to the action. However, in the counteraffidavit which was filed by respondents it is alleged that appellant and its codefendant are admitted by their answer on file to be subsidiary corporations of the Richfield Oil Company of California and are therein alleged to be under the direct supervision of the last-mentioned corporation. The allegation of the answer to which reference is thus made has heretofore been outlined. Since the notice of motion specified that it would be based on the records and files of the action in addition to the supporting affidavit, the trial court was justified in considering the various allegations contained in the answer. This pleading contains a direct attack upon the complaint on account of the misjoinder of a party defendant who is specifically alleged to be a necessary party to the action. It is therein explicitly alleged that appellant and its codefendant are subsidiary corporations of the Richfield Oil Company of California and that a receiver has been appointed for this last-named corporation who was ordered and directed to operate all properties of the appellant and its codefendant jointly and as a unit with all other properties of the receivership estate aforesaid. It is further specifically alleged that the said receiver has, subsequent to his appointment, operated the prop-

erty as to which an accounting is here sought and received all proceeds derived from such operation and has paid all costs of said operation from the joint assets of the receivership estate of the Richfield Oil Company of California and its subsidiaries. It is our conclusion that the trial court may not be convicted of an abuse of discretion in having refused to consider the alleged inconvenience of the five witnesses who are described as employees of a person who is thus so clearly and emphatically declared to be a necessary party to the action. We entertain the opinion that the above-mentioned rule which renders it unnecessary for the trial court to consult the convenience of employees of a party to an action may properly be extended to include employees of one who is specifically asserted to be a necessary party and for whose nonjoinder the complaint is directly attacked.

The remaining witness mentioned in the affidavit filed in support of the motion for change of venue is T. L. Taggart. As to this witness the showing made by the affidavit is as follows:

"T. L. Taggart is manager of the Contract Department of Standard Oil Company. Mr. Taggart is a resident of the city of Palos Verdes, Los Angeles County, and has had wide experience in the processing and treatment of natural gas on behalf of landowners and lessees of oil and gas producing properties. Mr. Taggart will testify concerning the market value of natural gas at the casing head of the wells and the common and general practices of the natural gas treating industry concerning the basis on which natural gas is treated by gasoline companies. Mr. Taggart will also testify concerning the cost of manufacturing gasoline and dry gas from natural gas."

The question of whether or not the trial court was entitled to consider this witness' convenience in passing on the motion was raised by the counteraffidavit filed by respondents wherein it is alleged that "it is evident that defendants intend to qualify T. L. Taggart as an expert witness; that it is not alleged in said affidavit that said T. L. Taggart has any personal knowledge of the facts in this cause".

The rule with respect to the convenience of expert witnesses is stated in *Security Investment Co.* v. *Gifford, supra,* as follows:

"Neither the convenience of experts nor of employees should be considered in determining the question of convenience of witnesses, except where the experts also have personal knowledge of the facts upon which their testimony is to be based."

Appellant does not here contend that the above-named witness will not be called to testify as an expert, but maintains that the witness comes within the stated exception to the general rule that the convenience of expert witnesses is not to be considered. In other words, it is contended that the affidavit filed by appellant in support of the motion shows that the witness has personal knowledge of the facts upon which his testimony will be based. This contention is entitled to consideration. The showing made by the affidavit is, first, that the witness has had wide experience in the processing and treatment of natural gas on behalf of land owners and lessees of oil and gas producing properties; second, that he will testify concerning the market value of natural gas at the casing head of the wells and the common and general practices of the natural gas treating industry concerning the basis on which natural gas is treated by gasoline companies; third, that he will also testify concerning the cost of manufacturing gasoline and dry gas from natural gas. The only intimation that the witness has any personal knowledge of the particular facts involved in this action arises from the use of the article "the" qualifying the word "wells" in the phrase "of the wells". It may be argued that the inclusion of the article limits the phrase to the particular wells mentioned in the complaint and that therefore the affidavit contains a sufficient showing of personal knowledge of the wells mentioned in the complaint to bring the witness within the exception. The argument is ingenious, but lacks impressiveness. A reading of the entire showing made with respect to this witness impels the conclusion that it is not suggested that he has any personal knowledge regarding the particular wells which are most generally referred to in the complaint, but that his knowledge is a general knowledge based on his wide experience in the processing and treatment of natural gas and that the testimony which he will give will relate to the value of natural gas at the casing head of wells generally.

It is, however, urged that, irrespective of any question of the insufficiency of the showing as to personal knowledge possessed by the witness as to the particular facts involved in this action, it does appear from the language of the affidavit that the witness possesses personal knowledge of the facts upon which his testimony will be based. It must be observed that it is declared that the testimony of this witness will relate to three matters. These are, first, the market value of natural gas at the casing head of wells; second, the general practices of the natural gas treating industry concerning the basis on which natural gas is treated by gasoline companies; third, the cost of manufacturing gasoline and dry gas from natural gas. The foundation for this testimony is the wide experience which the witness has had in the processing and treatment of natural gas. The statement that the witness has had wide experience along the line mentioned necessarily carries the implication that he is familiar with and has personal knowledge of the details which form a part of the industry of treating natural gas. ■ Unquestionably, it may be conceded that the affidavit shows that the witness possesses personal knowledge of the details of the industry derived from personal observation and training. But we fail to discover any showing that the witness has any personal knowledge of the facts which are involved in this action. That this is the test to be applied in giving consideration to the alleged convenience of an expert witness is announced in *Wrin* v. *Ohlandt*, 213 Cal. 158, 160 [1 Pac. (2d) 991], where it is said: "Furthermore, there is no showing that this remaining witness has any personal knowledge of any of the facts *in the case*. If called, he will testify simply as an expert witness as to the value of the services rendered by the assignors of the plaintiff. In the case of *Security Inv. Co.* v. *Gifford*, 179 Cal. 277 [176 Pac. 444], this court held that the convenience of expert witnesses having no personal knowledge of any facts in the case should not be considered in determining the question of the convenience of witnesses." (Italics ours.) So here we may say that this witness, if called, will testify simply as an expert as to the value of natural gas at the casing head of wells from which it is extracted. Such testimony involves no personal knowledge of the particular facts of this action.

It is therefore our conclusion that appellant has failed to demonstrate that the trial court was guilty of an abuse of the wide discretion with which it was invested in refusing to grant the motion for change of venue on the ground stated.

The order from which this appeal has been taken is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.