[Civ. No. 6283.   Third Appellate District.—November 25, 1939.]

TALMADGE WOOD, Respondent, v. MINNIE A. SILVERS et al., Appellants.

606

H. G. Crawford for Appellants.

L. R. Lambert for Respondent.

THOMPSON, J.—This action for labor performed and for materials furnished was filed in Sonoma County October 19, 1938. An answer denying the essential allegations of the complaint was filed. The defendants moved for a change of venue to their place of residence in Lake County. At the same time, the plaintiff moved to retain the cause for trial in Sonoma County, pursuant to section 397 of the Code of Civil Procedure, for the convenience of witnesses and to subserve the ends of justice. The last-mentioned motion was supported by affidavits of eight witnesses for plaintiffs who reside at Santa Rosa. It was opposed by three affidavits of party defendants who live in Lake County. The court denied the first motion and granted the last-mentioned one to retain the cause for trial in Sonoma County. From that order the defendants have appealed.

There appears to be no abuse of discretion on the part of the trial court in granting plaintiff's motion to retain the cause for trial in Sonoma County for convenience of witnesses and to subserve the ends of justice. The issues of the

cause having been framed by the filing of an answer, it was proper for the court to determine the motion to 'retain the cause for convenience of witnesses, even though a motion was pending at the same time for change of venue to another county where the defendants reside. (*Sheffield* v. *Pickwick Stages, Northern Division, Inc.*, 191 Cal. 9 [214 Pac. 852]; *Sowers* v. *Sowers*, 127 Cal. App. 579 [16 Pac. (2d) 176]; *National Automobile Ins. Co.* v. *Havlik*, 113 Cal. App. 264 [298 Pac. 75].) ▮ The granting or denial of a motion either to change or to retain the place of trial for convenience of the witnesses is addressed to the sound discretion of the trial judge. Such an order will not be disturbed on appeal except for an abuse of discretion. (*Scott* v. *Stuart*, 190 Cal. 526 [213 Pac. 947]; *Plum* v. *Newhart*, 118 Cal. App. 73, 76 [4 Pac. (2d) 805]; 25 Cal. Jur. 884, sec. 23; 2 Bancroft's Code Pr. & Rem., p. 1449, sec. 1008.) Upon that motion the affidavits for and against retaining the cause should be considered with the object of conveniencing the witnesses and serving the ends of justice. ▮ The mere numerical majority of the witnesses on one side or the other does not necessarily determine the merits of the motion. (*Scott* v. *Stuart, supra; Werner* v. *Bryden*, 99 Cal. App. 398 [278 Pac. 869]; 25 Cal. Jur. 885, sec. 23.) It is apparent that in determining the convenience of witnesses the evidence of one or more of them may be more important in deciding the issues involved than a greater number of other witnesses. Certain witnesses may live in localities inaccessible and remote from the place to which the cause is sought to be transferred; the means of conveyance for lack of railroad facilities or the absence of highways may be difficult; the time required of some witnesses in attending court at a remote place may be more valuable than that of others on account of the nature of their employment or the emergency of enterprises in which they are engaged. The administration of justice is founded on the principle that every litigant shall have a fair opportunity to procure the attendance of witnesses to establish his claim. ▮ One of the duties which every citizen owes to his government in support of the administration of justice is to attend court and give his evidence when he is properly summoned. It is within the inherent powers of courts and judicial tribunals to compel the attendance of witnesses in the manner provided by law. That authority is incident to the

power to adjudicate causes. (70 C. J. 34, sec. 3.) In that spirit section 397 of the Code of Civil Procedure was adopted to authorize the change of place of trial "when the convenience of witnesses and the ends of justice would be promoted by the change". It follows that a court possesses a sound discretion in determining, from a consideration of all of the facts related in the affidavits in support of and in opposition to a motion for change of venue, whether the witnesses will be convenienced and whether it is in the interest of justice to grant or deny the application for a change.

In the present case the plaintiff filed the affidavits of eight witnesses, properly reciting the materiality of their testimony. The complaint was filed in this cause October 19, 1938. Three of his witnesses averred that they were employees of the plaintiff at the time their affidavits were filed. Five of the witnesses averred that they had been previously employed by the plaintiff until various designated dates, the latest of which was July 14, 1938, three months before the complaint was filed. In the defendants' counter-affidavits, they denied the material averments of plaintiff's witnesses, but did not allege that any of plaintiff's witnesses were then employed by him. There are no affirmative averments in any of the affidavits that plaintiff's last-mentioned five witnesses were employed by him at the time of the filing of the complaint. The defendants did state that "Affiant *admits*" that six named witnesses of plaintiff are "now employed by plaintiff in the capacities set forth in said Affidavits". The defendants further offered to stipulate that plaintiff's witnesses, Erdman and Cunningham, would testify at the trial as they had in their affidavits averred the facts to be.

In the absence of an affirmative averment that certain witnesses were employed by the plaintiff at the time of filing his complaint, a mere *admission* by the defendant of the fact not stated by plaintiff's witnesses is ineffectual and lacks probative value as proof thereof. The state of the record, therefore, justified the trial court in assuming that at least several of plaintiff's witnesses were not employed by him later than July 14, 1938, when they clearly imply that their services terminated. We must assume, for the purpose of this appeal, that several of plaintiff's witnesses were not employed by him at the time of the commencement of this action.

■ In the case of *Wrin* v. *Ohlandt*, 213 Cal. 158 [1 Pac. (2d) 991], it was held that the inconvenience *of the parties* to the action will not be considered upon a motion for change of venue for the convenience of witnesses. So, also, it has been held in California that the affidavits of neither an expert witness nor employees of a party to the action should be considered on such a motion. (*Security Inv. Co.* v. *Gifford*, 179 Cal. 277 [176 Pac. 444] ; *Pacific States Corp.* v. *Shepardson*, 105 Cal. App. 747 [288 Pac. 714] ; *Barnett* v. *United Oil Co.*, 5 Cal. App. (2d) 175 [42 Pac. (2d) 656] ; *Wrin* v. *Ohlandt*, *supra*.) In some states it is held that affidavits of employees of a party to an action who seeks to change the place of trial for the convenience of witnesses, is not to be disregarded wholly, but that *it is not entitled to the same consideration* as other witnesses who are not so vitally interested in the outcome of the action. (67 C. J. 161, sec. 259.) We are, however, controlled by the rule of this state in that regard.

■ Disregarding the affidavits of the three witnesses of plaintiff who were employed by him at the time of the commencement of the action, and the convenience of the two witnesses, Erdman and Cunningham, to whose testimony the defendants offered to stipulate, there remains the affidavits of three other witnesses, whose convenience the trial court was clearly entitled to consider. That showing, as a whole, is adequate to support the order of the court.

There is nothing in the case of *First-Trust Joint Stock Land Bank of Chicago* v. *Meredith*, 16 Cal. App. (2d) 504 [60 Pac. (2d) 1023, 62 Pac. (2d) 369], upon which the appellants rely, in conflict with what we have previously said regarding the sufficiency of the affidavits to support the order retaining the cause for trial in Sonoma County. In that case an order granting a similar motion was properly reversed on account of insufficient averments of the affidavits. The court said neither the names nor the residences of the affiants were alleged ; that it was not stated the affiants would testify to the facts recited in their affidavits, and that it was not alleged the affiants did not live in the county to which the case was transferred. Clearly, those omissions rendered the affidavits insufficient to support the order. In the present case, however, each affiant specifically avers that he will testify to the facts recited, and in each affidavit the name and residence of the witness are given. In this case the complaint and an-

swer settled the issues to be tried and the court was enabled to determine from them the materiality of the averments of the affidavits.

■ While the affidavits might have been more specific in relating the reasons why the affiants would be inconvenienced by a transfer of the cause to Lake County, we are of the opinion they are adequate in that regard in the absence of a motion to strike them from the record on that account. No such motion was made. The insufficiency of the affidavits in that regard is urged for the first time on appeal. Each affidavit ·states that· the affiant is "employed in Santa Rosa, Sonoma County, California, and that it would be extremely inconvenient . . . to appear and testify in above entitled action in the Superior Court of Lake County". The reasonable inference to be drawn from the above-quoted statement is that it would be inconvenient to travel from Santa Rosa to the county seat of Lake County to testify in the case on account of the distance and expense incident thereto. ■ Generally, all regular sessions of the superior court must be held at the county seats of the respective counties. (Sec. 73, Code Civ. Proc.) Courts will take judicial notice of the location of the various county seats within the state. (*People* v. *Faust,* 113 Cal. 172 [45 Pac. 261]; *People* v. *Etting,* 99 Cal. 577 [34 Pac. 237]; 10 Cal. Jur. 710, sec. 35; 23 C. J. 84, sec. 1867.)

It does not appear the court abused its discretion in granting the motion of plaintiff to retain the cause for trial in Sonoma County.

The order is affirmed.

Pullen, P. J., and Tuttle, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 22, 1939, and the following opinion then rendered thereon:

THE COURT.—■ On petition for a rehearing the appellants contend the affidavits of witnesses of the respondent, filed in support of the motion to retain the cause for trial in Sonoma County, are fatally defective for failure to affirmatively aver that they would actually be called as witnesses at the trial. It is true that those affidavits merely recite that *"If*

*I am called* as a witness . . . I will testify as follows.'' It is apparent none but the parties to a suit can know what witnesses may be called. The witnesses cannot state with assurance they will actually be called. The law does not require impossibilities. The affidavit of a witness, therefore, need not necessarily contain such an affirmative declaration. In this case the affidavit of the plaintiff supplies that necessary statement. He avers that these affiants, whose affidavits are challenged, are necessary witnesses at the trial and that he cannot safely go to trial without their evidence. That statement meets the requirements of the law.

The affidavits further state certain witnesses were employed by the plaintiff *until specified dates.* In the absence of evidence to the contrary we must assume the employment ceased at the dates specified. There is no presumption created by section 1963, subdivision 32, of the Code of Civil Procedure, under such circumstances, that the employment of such witnesses continued to the time of the filing of the complaint or the hearing of the motion.

The petition for rehearing is denied.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 22, 1940.