[Civ. No. 12587. Second Appellate District, Division Two.—June 4, 1940.]

JOSEPHINE OTT, Respondent, v. M. A. GOTFRIED, Petitioner.

Whitelaw & Whitelaw for Petitioner.

August J. O'Connor and George J. Hider for Respondent.

MOORE, P. J.—Petitioner Gotfried has asked for a writ of *supersedeas*. He is the defendant in an action on file in the Superior Court of Los Angeles County where he presented his motion for a change of place of trial. Said motion was denied notwithstanding that it was based upon the convenience of witnesses. From the order denying said motion said petitioner took his appeal to this court where the matter now rests. From the affidavits before us, we glean that petitioner filed a cross-complaint sounding in rescission.

On February 9, 1940, plaintiff moved to set the case for an early trial. The trial date was fixed for April 26, 1940. Thereafter the court made an order continuing said date of trial to May 22, 1940. Petitioner filed his application herein on May 1st, for a writ of *supersedeas* on the ground that "petitioner herein is entitled to have his appeal from said order determined prior to the trial of said action, and that the respondent herein will not nor can she be damaged by the delay of said trial until such appeal can be so determined". ▆ Petitioner urges on behalf of his petition for a writ that no detriment can be suffered by the respondent and that to force petitioner to a trial in Los Angeles County would deprive petitioner of his right to have the case tried without the actual presence in court of his witnesses who reside in Imperial County. He further contends that for the land, which is the subject of the cross-complaint, to lie idle pending the final determination of the litigation would be of advantage to the land.

We are not impressed with petitioner's contention that the land would profit by lying idle for a year or more. Land represents capital investment and if it should be determined that respondent must take back the land either by a judgment of rescission or by reason of purchase under execution, respondent would be entitled to the benefits of its continuous cultivation.

▆ Many words have been written in the petition and in the answer relative to negotiations which have taken place between the parties with reference to the disposition of the land pending a final determination. We make no observation

relative to the merits of said negotiations. Our sole concern is the advisability of suspending the trial of said action pending the outcome of said appeal from said order refusing to change the place of trial. Petitioner having purchased said land in April, 1938, remained in possession until June, 1939. During the *interim* a number of letters passed from the petitioner to respondent relative to the payments that were due upon the purchase price, in none of which did petitioner make mention of any fraud which apparently it is alleged to have been committed upon him by his purchase of the land. In a letter to respondent dated May 3, 1939, petitioner requested respondent to "figure out" the interest due on the notes which he would check, upon his bookkeeper's return and "will mail you a check for the interest and payment on the principal".

In his letter of May 9, 1939, petitioner advised respondent that he was endeavoring to induce the First National Bank of Holtville to "take over the balance of the contract due you so that it would make it possible to pay you off in full". On May 13, 1939, petitioner notified respondent by letter that if said bank could not take the loan because of the failure of the property as collateral for the balance, then he would pay the instalment plus interest to date of payment, adding: "We find we have paid you an enormous price for your ground." These documents do not hint at any fraud or other ground of rescission. They constitute the only evidence before us on the nature or basis of petitioner's cross-action except the affidavit of Adolph Ott which avers that defendant still maintains possession of the land by his tenants.

Expressly withholding comment upon the nature of the case, the character and state of the pleadings, and the suit of petitioner, we merely observe that the foregoing communications and other evidence in addition to the pleadings in the case were before the calendar judge at the time the order was made denying the request for suspension of proceedings now pending in said court until the said appeal from said order should be finally determined. In making the order denying said suspension, said judge was vested with a broad discretion as he was in making said former order. (*Wood* v. *Silvers,* 35 Cal. App. (2d) 604 [96 Pac. (2d) 366, 97 Pac. (2d) 265] ; *Wrin* v. *Ohlandt,* 213 Cal. 158 [1 Pac. (2d) 991].) We cannot assume that his order was erroneously made. On the contrary, we must act upon the presumption that he did

his duty with all of the pleadings, affidavits and arguments before him. In view of the loss to be sustained by respondent alone, in the event of the success of said appeal, she assumes all the risks in declining now to consent to defer the trial of the case on its merits until said appeal be determined.

Upon the showing made before us, we cannot say that the court below has acted arbitrarily in overruling a motion to postpone the trial of the action until the termination of said appeal. Its ruling upon such motions we cannot interrupt in the absence of a clear showing that its order was arbitrarily made and made without having considered the motion of petitioner and its supporting papers.

The rule relative to continuances of the time of trial is well stated in 5 California Jurisprudence, 968, which is quoted in the *Estate of McCarthy,* 23 Cal. App. (2d) 389, at 393 [73 Pac. (2d) 910] : "It is a settled rule of practice that an application for a continuance is addressed to the sound discretion of the trial court and its ruling will not be reviewed except for the most cogent reasons. The trial court is apprised of all the circumstances of the case and the previous proceedings, and is, therefore, better able to decide upon the propriety of granting the application than an appellate court; and when it exercises a reasonable and not an arbitrary discretion, its action will not be disturbed." (See *Bank of America Nat. T. & S. Assn.* v. *Harriscolor Films,* 220 Cal. 383 [31 Pac. (2d) 189].)

For the reasons above stated, the petition is denied.

Wood, J., and McComb, J., concurred.