[Civ. No. 12516.   First Dist., Div. Two.   Sept. 24, 1943.]

DI GIORGIO FRUIT CORPORATION (a Corporation), Respondent, v. IRVING ZACHARY et al., Appellants.

Lindelof & Perelli-Minetti for Appellants.

Brobeck, Phleger & Harrison for Respondent.

DOOLING, J. pro tem.—This appeal is prosecuted from an order denying defendants' motion for change of place of trial from the city and county of San Francisco to the county of Los Angeles.

The complaint seeks recovery of the purchase price of certain wine sold and delivered by plaintiff's predecessor, Earl Fruit Co., under two separate contracts in writing. One of said contracts was admittedly entered in in San Francisco. The other contract was negotiated by one Tucker, a salesman for plaintiff's predecessor, in Los Angeles County and an order was signed there by Tucker designated as "salesman" and by Irving Zachary representing defendants. It was on a printed form containing the provision:

"This order is subject to approval and acceptance of the office of Earl Fruit Co., at San Francisco, Calif."

Pursuant to this provision a letter of acceptance of the

order by Earl Fruit Co. was mailed in San Francisco addressed to defendants on April 18, 1941.

Under the express terms of the writing above quoted it did not become a binding contract until the signing and mailing of the letter of acceptance, and the mailing having occurred in San Francisco the contract was entered into in that city and county. *(Parker Co., Inc.* v. *Exeter Refining Co.,* 26 Cal.App.2d 610 [79 P.2d 1114].) The county in which the contract ''in fact was entered into'' was a proper place for trial under sec. 395, subd. 1, Code Civ. Proc. *(Limited Mut. Comp. Ins. Co.* v. *Curtis,* 45 Cal.App.2d 507 [114 P.2d 404]; *Pacific Const. Finance Co.* v. *Kramer,* 42 Cal.App.2d 190 [108 P.2d 723].)

Defendants claim to have shown by affidavit that the contract was actually intended to be complete when signed by Tucker and Zachary in Los Angeles County. They cannot by oral testimony thus contradict the express provision of the writing making it subject to acceptance by the seller at its San Francisco office. (10 Cal.Jur. 916; *Barrios & Co., Inc.* v. *J. R. Garrett Co.,* 72 Cal.App. 786, 796 [238 P. 155].)

Defendants filed an answer and counterclaim based on allegations that the wine delivered was unstable and that it spoiled after bottling by them, and further that there had been a later compromise agreement entered into with one Martini as manager of plaintiff. Defendants stated as one ground for change of place of trial convenience of witnesses and supported the motion on this ground by an affidavit setting out the names of nineteen witnesses. Of those so named two were the defendants, at least eight the court was entitled to find were defendants' employees, and one named as John Doe was obviously fictitious. In considering a motion for change of place of trial on the ground of convenience of witnesses the court may not consider the convenience of the parties *(Wrin* v. *Ohlandt,* 213 Cal. 158 [1 P.2d 991]) nor of the parties' employees *(Security Investment Co.* v. *Gifford,* 179 Cal. 277 [176 P. 444]; *Wood* v. *Silvers,* 35 Cal.App.2d 604 [96 P.2d 366]).

Excluding the parties, their employees and the John Doe, the other eight witnesses and the facts to which it was deposed that they would testify were as follows: Two wine distributors who were present at the alleged settlement with Martini and would testify to the settlement; a former bookkeeper of plaintiffs who would testify to a statement by Martini acknowledging the fact of settlement; an investigator of the

Department of Health of Los Angeles who examined some of the alleged spoiled wine and investigated complaints; and four wine merchants who would testify to the instability of the wine in their markets, the effect on their customers, and the frequency of occurrences of this type with defendants' wines both before and after this trouble.

In opposition plaintiff by affidavit set out the names of four witnesses on whom it would rely, namely: Martini, the manager with whom the settlement was alleged to have been made, "who left plaintiff's employ on December 31, 1942"; a wine chemist who analyzed samples of the wines shipped by plaintiff to defendants; and two liquor dealers, who will testify that Kosher wines purchased from defendants in 1942 turned cloudy and deposited sediment in the bottles.

■ In reviewing an order denying a motion for change of place of trial on the ground of convenience of witnesses the appellate court can only reverse the order upon a clear showing of abuse of discretion *(Wrin* v. *Ohlandt, supra,* 213 Cal. 158 [1 P.2d 991]; *Ayres* v. *Wright,* 205 Cal. 201 [270 P. 453]; 25 Cal. Jur. 884-5) and "a mere preponderance in the number of witnesses which either party expects to produce will not necessarily determine the order to be made." (25 Cal. Jur. 885-6; *Scott* v. *Stuart,* 190 Cal. 526, 529 [213 P. 947]; *Willingham* v. *Pecora,* 44 Cal.App.2d 289 [112 P.2d 328].)

■ Martini, although a former employee of plaintiff, is entitled to consideration as is the former bookkeeper of defendants. (*Pacific States Corp.* v. *Shepardson,* 105 Cal.App. 747, 751 [288 P. 714]) and while experts are generally excluded from consideration this is not true when they have personal knowledge of the facts on which their testimony will be based (25 Cal.Jur. 886; *Pacific States Corp.* v. *Shepardson, supra,* 105 Cal.App. 747; *Security Investment Co.* v. *Gifford, supra,* 179 Cal. 277 [176 P. 444]).

■ We thus have on the plaintiff's side Martini, who is the only witness for plaintiff who can testify that the claimed settlement was not made with him, and the chemist, who is the only one who can testify for plaintiff to the results of chemical analyses of samples of the wine sold to defendants and which is alleged by defendants to have been "sick and unstable," together with two other witnesses whose testimony of the spoilage of other wines bought by them from defendants in 1942 would certainly be material to rebut the testimony of defendants' four wine merchants who would testify

"to the frequency of occurrences of this type with defendants' wines both before and after this trouble."

On the defendants' side the two wine distributors who were present at the alleged settlement with Martini and the former bookkeeper would only give evidence of the settlement corroborative of the testimony on that subject of defendant Irving Zachary; and the four wine merchants would give testimony largely corroborative of that of defendants and their employees. The only one of these witnesses for defendants whose testimony might not be considered mainly cumulative is the Los Angeles Health Department investigator.

In view of the character and importance of the evidence to be given by the witnesses on either side whose convenience is properly to be considered we cannot say that the trial court abused its sound discretion in denying the motion.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.