[Civ. No. 13922. First Dist., Div. Two. July 6, 1949.]

CARNATION COMPANY (a Corporation), Respondent, v. EL REY CHEESE COMPANY et al., Defendants; E. HAGAN, Appellant.

Ernest J. Livengood and Arthur D. Guy for Respondent.

Kimball Fletcher and Charles Williams for Appellant.

GOODELL, J.—This appeal was taken by defendant E. Hagan from an order denying his motion for change of venue.

The action was brought for $5,408.86 claimed to be owing on a transaction wherein defendants were alleged to have sold respondent a quantity of cheese for which respondent paid them $19,782 before discovering that it was unmerchantable; respondent alleged that after such discovery "the purchase thereof was rescinded by the parties by mutual oral agreement entered into at Oakland," pursuant to which the defective cheese was returned to defendants at Los Angeles, who agreed to reimburse respondent in full, including shipping costs, and that defendants then delivered to respondent at Oakland cheese of the market value of $14,828.40. The prayer for $5,408.86 is the difference between the $19,782 paid and the $14,828.40, plus freight charges of $455.26.

When appellant appeared in the action he moved for a change of venue on the ground that his residence was in Los Angeles County. His motion was denied; he appealed from the order and this court in 88 Cal.App.2d 857 [200 P.2d 19] affirmed it.

With his answer to the first amended complaint appellant filed a new notice of motion for change of venue on the grounds (1) that his residence was in Los Angeles County, and (2) that the convenience of witnesses would be promoted by a trial therein. The affirmance on the first appeal settled the matter as far as the grounds therein presented were concerned and the motion on those grounds could not be renewed. Appellant's counsel so conceded at oral argument.

That leaves only the ground of convenience of witnesses for consideration. In support of that part of his motion appellant filed several affidavits, some by himself and three by employees of El Rey Cheese Company. In one of his affidavits

appellant states that he is "the attorney-in-fact for El Rey Cheese Company and Taylor Maid Company."

■ The convenience of a witness who is a party (*Wrin v. Ohlandt*, 213 Cal. 158 [1 P.2d 991]) or the employee of a party (*Security Investment Co. v. Gifford*, 179 Cal. 277, 278 [176 P. 444]) cannot be considered on such a motion. (*Di Giorgio Fruit Corp. v. Zachary*, 60 Cal.App.2d 560 [141 P.2d 8].)

■ The only defendant who appeared in this action is E. L. Hagan, sued as E. Hagan. His own affidavits, and each of the other three, show that the three affiants who claim their convenience would be served by the change are employees of El Rey Cheese Company, and it is claimed that that is but a fictitious name under which one *J. A.* Hagan carries on business. From these premises it is argued that the three affiants are not employees of a party. El Rey Cheese Company has been named and joined as a party defendant at all stages of this litigation. It is true that neither it nor *J. A.* Hagan has appeared herein by name, but there is no denying the fact that the company is a party.

It is difficult if not impossible to determine from the pleadings and affidavits just what are the relationships of the several defendants herein. In appellant's supplemental affidavit he describes himself as attorney in fact for El Rey Cheese Company, which is but another way of saying that that company is his principal and he its agent. If E. L. Hagan is defending for it, then *it* is the real party in interest. (See *Wrin v. Ohlandt, supra.*)

Moreover, in his verified answer appellant alleges that "the defendants orally agreed to sell and deliver to plaintiff a quantity of cheese" for $19,782, and, further, that the defendants did sell and deliver the cheese to the plaintiff. Those allegations include, of course, the named defendant El Rey Cheese Company. That company, then, by appellant's own sworn showing is definitely identified with this litigation.

In *Barnett v. United Oil Co.*, 5 Cal.App.2d 175, 180 [42 P.2d 656], the court held that the convenience-of-employees rule "may properly be extended to include employees of one who is specifically asserted to be a necessary party" but who was *not joined*. If that be so, then the employees of a named party, actually joined, should certainly come within the rule, even though such named party has not appeared under its own name.

■ Subdivision 3 of section 397, Code of Civil Procedure,

provides for a change of venue "When the convenience of witnesses and the ends of justice would be promoted by the change." It is argued by respondent that appellant had to establish not only the first part of this provision, but also that "the ends of justice would be promoted by the change." Regardless of appellant's failure to make such showing this much is surely true—that the court was entitled to consider whether the ends of justice would in fact be promoted, and in that connection it could certainly weigh the fact that El Rey Cheese Company to all appearances was right in the middle of the transaction, despite the fact it had not technically appeared herein by name. Its "attorney in fact" had apparently assumed the burden of the defense.

■ There is still another reason why this order must be affirmed. Appellant's notice fixed March 29, 1948, as the time when the motion for change of venue would be made. At that time, however, there was no appearance by or on behalf of appellant, the moving party, and no motion was actually made. Instead of appearing in court and presenting the motion, appellant mailed to the court a lengthy paper entitled "Brief in lieu of oral argument, in support of motion for change of venue." In 18 California Jurisprudence, page 650 it is said: "But making out and filing the application itself are not to make the motion; the attention of the court must be called to it, and the court must be moved to grant an order." See, also, *Colthurst* v. *Harris,* 97 Cal.App. 430 [275 P. 868] and cases cited. *Milstein* v. *Sartain,* 56 Cal.App. 2d 924, 931 [133 P.2d 836], cites many of the cases on the subject, and is in point.

It is only fair to say that counsel who now represents appellant was brought into this litigation recently and had to make the best of the record as he found it. The proceedings on the second motion for change of venue were apparently prepared by appellant himself.

The order is affirmed.

Dooling, J., concurred.

A petition for rehearing was denied August 15, 1949, and the following opinion was then rendered:

THE COURT.—Appellants' petition for rehearing denied for lack of jurisdiction. (Judgment on appeal became final in this court on August 5, 1949. See Rule 24a of Rules on Appeal, 22 Cal.2d 17.)