[No. B103854. Second Dist., Div. Five. Oct. 28, 1996.]

FORD MOTOR CREDIT COMPANY et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JEFFREY DANFORD et al., Real Parties in Interest.

**COUNSEL**

Severson & Werson and Jan T. Chilton for Petitioners.

No appearance for Respondent.

Alan Burton Newman for Real Parties in Interest.

## OPINION

**TURNER, P. J.**—Defendants, Ford Motor Credit Company (Ford) and two of its supervisory employees, Merlene Olmstead and Dalyne Conner, have been sued by plaintiffs, Jeffrey and Anita Danford, alleging racial discrimination, hostile work environment, and retaliation in violation of the Fair Employment and Housing Act (FEHA). (Gov. Code,[1] § 12940 et seq.) Defendants contend the respondent court abused its discretion in denying their motion for a change of venue from Los Angeles to Sacramento County. We agree and issue our peremptory writ of mandate.

The particular acts of racial discrimination, harassment, and retaliation alleged to have been perpetrated by defendants against plaintiffs are set forth in detail in their complaint, filed April 10, 1996. Suffice it to note that all of these alleged acts occurred in Sacramento County. This was where plaintiffs were employed at Ford's Sacramento office. However, plaintiffs filed their complaint in Los Angeles County, where they now reside. On May 22, 1996, defendants filed a motion to change venue to Sacramento County because: (1) the alleged discrimination occurred there; (2) the records relevant to the case were maintained there; and (3) it was the county in which plaintiffs would have worked but for defendants' alleged unlawful conduct. The uncontroverted evidence adduced before the respondent court indicated: plaintiffs had been employed by Ford solely in Sacramento County; Ms. Olmstead and Ms. Conner worked with plaintiffs only in Sacramento County; Ford's office was still in Sacramento County; all the pertinent employment records were maintained in Sacramento County; and no unlawful employment practice was alleged to have occurred in Los Angeles County. The respondent court denied the motion on July 2, 1996. Defendants then filed this petition.

We review an order denying a venue change motion utilizing the abuse of discretion standard. (*Wrin* v. *Ohlandt* (1931) 213 Cal. 158, 159 [1 P.2d 991]; *Thompson* v. *Brandt* (1893) 98 Cal. 155, 156-157 [32 P. 890]; 61 Cal. Jur.3d, Venue, § 39, p. 350.) Venue in FEHA actions is governed by a specific statute, section 12965, subdivision (b), which provides in pertinent part that after receiving a right to sue letter from the agency, the aggrieved individual may file a civil lawsuit "against the person, employer, labor organization or employment agency named in the verified complaint within one year from the date of that notice." Section 12965, subdivision (b) continues: "The superior, municipal, and justice courts of the State of California shall have jurisdiction of those actions, and the aggrieved person may file in any of these courts. Such an action may be brought in any county in the state in

---

[1]All future statutory references are to the Government Code.

which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained and administered, or in the county in which the aggrieved person would have worked or would have had access to the public accommodation but for the alleged unlawful practice, but if the defendant is not found within any of these counties an action may be brought within the county of defendant's residence or principal office."

■ The parties agree the opinion of the California Supreme Court in *Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 482, 489 [208 Cal.Rptr. 724, 691 P.2d 272], is dispositive, although each party cites it for a different proposition. In *Brown*, the plaintiffs filed a superior court action including FEHA claims in Alameda County, in which the alleged discriminatory practices took place, but where none of the defendants resided. (*Id.* at p. 481.) The defendants filed a venue change motion. The trial court granted the venue change motion to the county of defendants' residence. (*Ibid.*) The Supreme Court issued a writ of mandate directing that the trial court reverse its order. (*Id.* at p. 489.) In so doing, the court discussed extensively the legislative intent behind section 12965, subdivision (b), concluding, "The wide choice of venue afforded plaintiffs by the FEHA venue statute effectuates enforcement of that law by permitting venue in a county which plaintiffs deem the most appropriate and convenient." (37 Cal.3d at p. 487.) The court also noted that venue was an important consideration for a plaintiff in an employment discrimination suit: "Victims of employment discrimination are frequently unemployed—many times as the result of the alleged discrimination. They often lack financial resources. For such individuals, the costs of litigation pose a formidable barrier to the filing and prosecution of an FEHA action. The Legislature recognized this barrier and sought to alleviate it by providing these persons with a wide choice of venue. They should not be deprived of that choice simply because they choose to plead alternative theories of recovery. Nor should they be subject to the added burden of trying an action in a county which may be hundreds of miles away from their own choice of venue." (*Id.* at p. 486.)

■ Plaintiffs, relying on the analysis of public policy considerations in the opinion, cite *Brown* for the proposition that the plaintiff in an FEHA action should be given wide latitude to select the forum in which the dispute will be resolved. Hence, relying on the public policy discussion in *Brown*, plaintiffs argue they may therefore file the action in the county which they deem "most appropriate and convenient." (*Brown* v. *Superior Court, supra*, 37 Cal.3d at p. 487.) *Brown* does contain an extensive public policy discussion about venue in FEHA litigation. However, there is an important factor which distinguishes *Brown* from the present case. The plaintiffs' choice of

venue sanctioned in *Brown* was in full accord with section 12965, subdivision (b) because suit was filed in the county in which the discriminatory acts were alleged to have occurred, even though none of the defendants resided in that forum. Section 12965, subdivision (b), specifically provides that a FEHA action may be filed in the county in which: (1) the unlawful practice is alleged to have been committed; (2) the records relevant to the practice are maintained or administered; or (3) the plaintiff would have worked but for the alleged unlawful practice. If the defendant is not "found" in any of the counties described in the three foregoing criteria, then section 12965, subdivision (b) provides two other options. If none of the three enumerated criteria are satisfied, then venue rests in the county of the defendant's principal office or residence. In the present case, venue was mandatory in Sacramento County under at least two of the three enumerated criteria. The unlawful practices are alleged to have been committed in Sacramento County. Also, the "records relevant to the practice" (§ 12965, subd. (b)) were maintained there. Therefore, this action was not properly brought in Los Angeles County and the respondent court could not deny defendants' venue change motion.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of July 2, 1996, denying defendants' motion for change of venue, and enter a new and different order transferring the case to Sacramento County. Defendants, Ford Motor Credit Company, Merlene Olmstead, and Dalyne Conner, shall recover their costs on appeal from plaintiffs, Jeffrey and Anita Danford.

Armstrong, J., and Godoy Perez, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied January 15, 1997.