[Sac. No. 685.   Department Two.—June 25, 1900.]

J. P. FOGARTY, Appellant, v. JOHN FOGARTY, Respondent.

WATER RIGHTS—EXECUTED ORAL AGREEMENT—EASEMENT FOR PIPE—USER OF WATER—FINDING AGAINST EVIDENCE.—In an action involving a water right, when the evidence showed that plaintiff's predecessor had, by an executed oral agreement with defendant's predecessor, and for a valuable consideration acquired an equitable title to the flow of water upon his land through a pipe connected with a tank on defendant's land, which was supplied with running water from a spring, and had by five years' user of the right agreed upon acquired the legal title to the easement for his pipe, and to the use of the water flowing from an orifice near the surface of the tank, to the extent agreed upon, a finding that defendants are entitled to the whole of the stream of water flowing from the spring is against the evidence.

ID.—PRESUMPTION OF USER UNDER AGREEMENT.—In the absence of evidence to the contrary, it must be conclusively presumed that the subsequent user of the right agreed upon was under the agreement, and therefore adverse as of right.

ID.—PRESCRIPTIVE TITLE—PLEADING—FINDINGS—CONJUNCTIVE DENIALS. Where the complaint alleged ownership in the plaintiff of the whole of the water flowing from the spring and also pleaded a prescriptive title thereto under allegations that for more than five years, "plaintiff and his grantors have had the continuous exclusive, uninterrupted, peaceable, notorious, and adverse use, enjoyment, and possession of the said water against defendant and all others, with the knowledge of all," etc., conjunctive de-

nials of such allegations in the answer and in the findings are improper; and notwithstanding the form of the denials of the answer may have been waived at the trial, the form of the findings is not sufficient to negative the claim of adverse user.

ID.—SUFFICIENCY OF ADVERSE USER—CLAIM OF RIGHT—KNOWLEDGE OF ADVERSE PARTY.—All that is necessary to make a user of water adverse is a claim of right in the party using it, and knowledge of the adverse party. The user of the water might be adverse, without being open or notorious.

ID.—DECAY OF TANK — USER FROM SPRING — CONSENT OF CLAIMANT—SUCCESSION OF TITLE—RIGHT OF RECOVERY.—Where the tank with which plaintiff's pipe was connected became decayed, and a subsequent claimant of defendant's land, being defendant's immediate grantor, declined to allow the rebuilding of the tank at joint expense, and declared that he had then no use for the water, and plaintiff's grantor, by consent of such claimant, connected his pipe directly with the pipe from the spring so as to take all of the water therefrom, which was so used continuously by plaintiff and his grantor for eight years, plaintiff's right of use of the whole of the water flowing in the pipe from the spring is good as against all of the world, except the successors in interest of the owner who agreed with the plaintiff's grantor as to the limited right of user from the tank; and, if the defendant does not establish succession of his title from such owner, plaintiff is entitled to recover as against him.

APPEAL—ORDER DENYING NEW TRIAL—INSUFFICIENCY OF FINDINGS.—Upon an appeal from an order denying a new trial, an objection to the sufficiency of the findings cannot be urged as a ground for reversal, and can only be considered as advisory in relation to further proceedings in the cause, upon reversal of the order.

APPEAL from an order of the Superior Court of Nevada County denying a new trial.   F. T. Nilon, Judge.

The facts are stated in the opinion.

Thomas S. Ford, for Appellant.

J. M. Walling, for Respondent.

SMITH, C.—The suit was brought to enjoin the defendant from diverting water flowing in a pipe to the land of the plaintiff, and to quiet plaintiff's title to the same. The judgment was for the defendant, and the appeal is from an order denying a new trial.

The plaintiff is the owner of a piece of ground known as the Doyle place, which for many years has been supplied with

water by means of an iron pipe conveying water thereto from a spring on a place known as the Thomas rancho, which is the water in controversy; and one of the allegations of the complaint is "that the plaintiff and his predecessors in title are, and have been for six years and over last past continuously, the owners of . . . . the said stream of water." This allegation is denied in the answer.

There is no direct finding on the issue thus raised; but it is found that the water was appropriated many years ago by the then owners of the lot now owned by the defendant, and known as the Thompson lot—"the predecessors in interest of defendant" therein; and "that ever since the appropriation of said water defendant and his grantors have been the owners . . . . thereof." But this finding—which may be regarded as inferentially finding against the plaintiff on the issue raised by his allegation of ownership—cannot be sustained; for it appears from the evidence that the plaintiff has a clearly defined legal interest in the water right in controversy, which, to the extent of the right, entitled him to a finding in his favor.

The evidence on this point is contained in the deposition of Thompson—read in evidence by defendant—who, prior to the year 1869, was the owner of the Thompson lot. The water in question had, prior to his coming, been diverted from the Thomas place to the Thompson lot by means of a half-inch lead pipe, and was then, and for many years afterward, collected in a tank on the lot. Under these circumstances, Thompson entered into an agreement with one Quinn—the then owner of the Doyle place, and predecessor in title of plaintiff—under and in accordance with which Quinn replaced the half-inch pipe leading from the Thomas ranch to the tank on the Thompson lot with a one-inch pipe, and laid the half-inch pipe, from the tank to his house on the Doyle place. The pipe was connected with the tank about six inches from the top; and it was agreed that Quinn was to have the surplus water from the tank. Under this arrangement the water flowing through the Quinn pipe was continuously used by him and the succeeding owners of the Doyle place until 1890. In that year the tank had become rotten and decayed, and one Allen, the grantor of the defendant, who claimed to be the owner of the Thompson lot, was applied to by Doyle, the then owner of

the Doyle place, to pay half the expense of rebuilding the tank, but declined to do so, having no use for the water at that time. Thereupon Doyle, with the consent of Allen, connected his pipe directly with the pipe leading from the spring to the Thompson lot; and he and his successors in title continued to use all the water on the Doyle place until March, 1898, when the water was diverted by the defendant, to whom Allen had conveyed February 4, 1898.

Under the agreement between Thompson and Quinn it cannot be doubted that the latter acquired an equitable right to the use of the water to the extent agreed upon—that is, to the surplus water not used by Thompson, or, what is the same, to all the water flowing through the orifice in the tank about six inches from the top. The agreement was indeed merely oral, but it was for a valuable consideration, and was in fact carried into execution. It was, therefore, a valid agreement, conveying to Quinn a complete equitable title to the easement for his pipe and to the use of the water as agreed; which could at any time have been enforced by an action for specific performance, and which, pending such enforcement, was equivalent for all purposes of defense, to the legal title. (*Love v. Watkins,* 40 Cal. 547[1]; *Luco v. De Toro,* 91 Cal. 405.) So, also—in the absence of evidence to the contrary—it must be conclusively presumed that the subsequent user of the right agreed upon was under the agreement, and, therefore, "adverse, or as of right" (Washburn on Easements, 152 [86]); and thus at the end of five years Quinn or his successor acquired the legal title to the easement, and became, to the extent of the interest agreed upon, the owner of the right. (Jones on Easements, secs. 179, 182; Washburn on Easements, 154 [88, 89].) The finding negatives this right, and hence cannot be sustained.

There are other points in the case, but these it will be necessary to consider only in so far as they may affect the further proceedings.

The real controversy intended between the parties relates, not to the use of the surplus water, under the agreement between Thompson and Quinn, prior to the rotting away of the tank in 1890, but to the claim of the plaintiff that, since then, he has acquired, by adverse user, a right to all the water.

---

[1] 6 Am. Rep. 624.

The allegations of the complaint on this point are that "during that period (i. e., 'for six years and over last past') plaintiff and his grantors have had the continuous, exclusive, uninterrupted, peaceable, notorious, and adverse use, enjoyment, and possession of the said water against defendant and all others, with the knowledge of all, by appropriation, use, and under claim of right, and (that) during all of said time the said plaintiff appropriated said waters to a useful purpose." These allegations are denied in the answer substantially in the language of the complaint, and conjunctively only; and on familiar principles we would have to regard these denials (if not cured by failure to object to their sufficiency) as insufficient to raise an issue. (Deering's Code Civ. Proc., sec. 437, p. 181, note; 3 Deering's California Digest, tit. "Pleading and Practice," p. 2246, par. 250 et seq.) But as no objection was made on this account, and the parties went to trial as though the proper issues had been made, the objection to the sufficiency of the answer may, perhaps, be regarded as waived.

But the finding on this point is also open to a similar objection. It is that neither the plaintiff nor his grantors "have had the open, notorious, adverse use of said water for the period of five years as against the defendant or his grantors." But as all that is necessary to make a use adverse is a claim of right in the party using it, and knowledge of the claim in the adverse party, the use of the water might be adverse without being open or notorious. The finding, therefore, does not negative the plaintiff's claim of adverse use. But as the appeal is from the order denying a new trial, on the sole ground of insufficiency of evidence, this objection to the sufficiency of the finding cannot be used as ground of reversal. It is alluded to merely for the purpose of directing the court and parties in the further proceedings in the case.

With the same view, a further observation must be made. The plaintiff's right to the use of all the water flowing in the pipe is good against all the world except as against the successors in interest of Thompson. Hence, unless the defendant is shown to be such successor, the plaintiff must recover. On this point there is no evidence appearing in the bill of exceptions to connect Allen, the defendant's grantor, with Thompson. In the findings, indeed, the original appropriators of the water

are spoken of as the "predecessors in interest of the defendant," and Thompson himself as "one of defendant's grantors" —meaning predecessors in title; and this, in the absence of any specification directed at these findings, may, perhaps, be regarded as a sufficient finding of the acquisition of Thompson's title to the water by the defendant; or, at all events, the sufficiency of the findings in this respect cannot be considered on this appeal.   But on a new trial the question will become of importance.

We therefore advise that the order denying a new trial be reversed and the cause remanded for further proceedings.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order denying a new trial is reversed and the cause remanded for further proceedings.

Temple, J., McFarland, J., Henshaw, J.