[L. A. No. 1247.   Department One.—July 15, 1904.]

## W. P. SCOTT, Respondent, v. SUPERIOR SUNSET OIL COMPANY, Appellant.

Action for Services of Physician—Employment of Person Injured —Admission of Pleadings—Conjunctive Denial.—In an action for the value of services of a physician engaged to attend an employee of the defendant seriously injured, who was employed to protect the oil-lands of the defendant against the claims of jumpers, where the allegations of the complaint as to the purpose of the employment were denied conjunctively, they must be deemed admitted.

Id.—Proof of Employment of Physician — Support of Findings.— Proof that the services of the physician were engaged by one who was secretary, treasurer, and acting manager of the defendant on

its behalf, and that the employment was sanctioned by the majority of the board of directors of the corporation, as its action, and that the board did not as a body dissent from the employment at any meeting thereof, was sufficient to sustain findings that the corporation ratified the action of its officer in employing the physician, and that the corporation is liable for his services.

ID.—SUFFICIENCY OF RATIFICATION.—It was not necessary that the employment of the physician should be made or ratified by the action of the board at a regular meeting. The separate assent of a majority of the board was all that ought to be required under the circumstances presented by the evidence.

ID.—EVIDENCE—KNOWLEDGE OF DIRECTORS.—Evidence was admissible to prove the knowledge of the directors in regard to the employment of the physician by its secretary acting for the defendant, when coupled with evidence of the express assent of a majority of the directors.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion.

E. J. Emmons, for Appellant.

Anderson & Anderson, for Respondent.

GRAY, C.—This is an action for services rendered as a physician and surgeon. The trial was had without a jury, and plaintiff had judgment for twelve hundred dollars. The defendant appeals from the judgment and from an order denying it a new trial.

The services for which compensation is sought consisted of several surgical operations and some sixty-one days' attendance upon an employee of defendant named Cornell. It appears by the admissions in the pleadings and from the evidence that Cornell was employed to go upon the oil-lands of defendant and hold possession thereof and protect the same against the claims of jumpers; and that while engaged in this hazardous employment he received the injuries which the plaintiff was called to treat. In this connection the complaint alleges: "That on the said nineteenth day of April, 1901, while said Cornell and said Walker were so engaged in holding possession of and protecting the said property of defend-

ant they were and each of them was shot down and painfully and dangerously wounded by unknown parties." There is no attempt to deny the above-quoted allegation. There is some attempt to deny the allegations of the complaint as to the purpose for which Cornell was employed, but the complaint being verified and these denials being in the conjunctive as to several distinct facts they must be regarded as evasive and wholly inadequate as specific denials; and the facts thus attempted to be denied must be taken as admitted. The injuries of Cornell consisted of a gunshot through the knee and another through the lung and were of such dangerous character that had he not received immediate medical assistance he could not have survived the same. At the date of the injuries J. W. Crosland, a member of defendant's board of directors, was the secretary, treasurer, and acting manager of defendant; and as such he entered into a contract with plaintiff whereby plaintiff was to render the necessary medical aid to the defendant's said employee during such time as he should remain ill from his injuries. And said Crosland agreed on behalf of defendant that it would pay the plaintiff for said services and for such medicine as he should furnish. It was in pursuance of this agreement that the services were performed. The court finds, "that the defendant ratified the act of its said officer in entering into said contract on its behalf with plaintiff." It is against this finding, as being without support in the evidence, that appellant's principal attack is directed.

We think the evidence amply sustains the finding complained of. The evidence shows that nurses and other physicians were employed by said secretary to assist plaintiff; and also hotel accommodations for the patient were procured by said secretary. That the plaintiff was performing the services at the request of the secretary of the defendant and looking to defendant for his pay was known to two of the defendant's directors besides the secretary, and though the directors had several meetings in the near vicinity during the course of the services no action was taken to repudiate the acts of the secretary, but on the contrary one other director, Mr. Claflin, visited plaintiff and told him not to economize too closely with the patient but to keep things as cheap as he could consistent with proper treatment, because, "he

said, the Superior Sunset Company was not a rich company and they did n't want to be out any more money than they could help.'' A nurse struck and was paid off by defendant, and another nurse employed. The expenses of the patient at the hotel were also met by defendant. A majority of the defendant's board of directors, including both Crosland, who was its secretary and treasurer, and the vice-president, actively participated in employing plaintiff and counseling with him concerning the care and treatment of the patient. And all this was done avowedly on behalf of defendant. This was sufficient to charge the corporation. It was not necessary that the employment should be made or ratified by action of the board at a regular meeting. The separate assent of a majority of the board was all that ought to be required under the circumstances presented by the evidence. (*Crowley* v. *Genesee Min. Co.*, 55 Cal. 273; *Streeten* v. *Robinson*, 102 Cal. 542; *Fraser* v. *San Francisco Bridge Co.*, 103 Cal. 79.)

There was no error in admitting evidence of the knowledge of the directors in regard to the employment of plaintiff by its secretary acting for defendant. Such evidence was clearly proper when coupled with evidence of the express assent to the employment by a majority of the board. The question considered in *Deane* v. *Gray etc. Co.*, 109 Cal. 433, related to an instruction given to the jury and has no application to the matter here considered.

We see no error in any action of the court; the findings are supported by the evidence; and the judgment is the legal conclusion from the findings.

We advise that the judgment and order appealed from be affirmed.

Smith, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

                    Shaw, J., Angellotti, J., Van Dyke, J.