[Civ. No. 5556.   First Appellate District, Division Two.—February 23, 1927.]

E. P. LANCEL, Respondent, v. JOHN L. BENWELL, INCORPORATED, etc., et al., Appellants.

[1] PLACE OF TRIAL — CONVENIENCE OF WITNESSES—ISSUES.—In passing on a motion to change the place of trial on the ground of convenience of witnesses and of promoting the ends of justice, it is of primary importance to ascertain what the issues are, and having done so, it will then readily appear what witnesses will be necessary for the parties to present their respective cases.

[2] ID.—DENIAL OF MOTION — PROPER RULING — RECORD—PLEADING.— An order denying a motion for change of place of trial to promote the convenience of witnesses and the ends of justice will be upheld on appeal, where an examination of the pleadings discloses that there was hardly a single issue presented, and the ruling made by the trial court finds additional support in the record.

(1) 40 Cyc., p. 165, n. 58 New.   (2) 40 Cyc., p. 137, n. 43, p. 140, n. 76.

APPEAL from a judgment of the Superior Court of Alameda County denying motion to change place of trial. J. J. Trabucco, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

Dunn, White & Aiken for Appellants.

O. G. Foelker and E. C. Miles for Respondent.

STURTEVANT, J.—This is an appeal from an order refusing to change the place of trial.   The defendants made two motions.   The first motion was made under section 395 of the Code of Civil Procedure.   That motion was denied, the defendants answered and thereafter the defendants made a motion to change the place of trial from Alameda County to Los Angeles County to promote the convenience of witnesses and the ends of justice.   (Code Civ. Proc., sec. 397, subd. 3.) That motion was also denied and from that order the defend-

ants have appealed under section 953a of the Code of Civil Procedure.

[1] In passing on such a motion it is of primary importance to ascertain what the issues are, and having done so, it will then readily appear what witnesses will be necessary for the parties to present their respective cases. [2] An examination of the pleadings discloses that there was hardly a single issue presented. Nearly every allegation in the plaintiff's amended complaint was admitted because the defendants had failed to interpose any proper denials. (*Fogarty* v. *Fogarty*, 129 Cal. 46, 50 [61 Pac. 570]; *Nolan* v. *Hentig*, 138 Cal. 281, 283 [71 Pac. 440]; *Scott* v. *Superior Sunset Oil Co.*, 144 Cal. 140, 142 [77 Pac. 817].) If the trial judge made no further examination of the record and for the above reasons denied the motion, his ruling would not have been erroneous.

When we go further into the record we find additional support for the ruling made by the trial court. The appellants produced as a part of their showing on the motion the affidavit of John L. Benwell. He enumerates a large number of witnesses, perhaps one hundred, whom the defendants intend to call. He then proceeds to segregate of that number thirty or thereabouts by whom the defendants expect to prove that the "John L. Benwell No. 3 Oil Well was owned in fee simple by the John L. Benwell, Inc., a corporation; that more than $50,000 was expended by the defendants in drilling said well; that all of the money received from the sale of Certificates for Royalty Assignments, together with approximately $40,000 additional, was expended on said well in the development thereof, and that all of said witnesses are familiar with the actual working conditions, work performed, and money expended on said property." In another place in the affidavit it is averred that all title papers are of record in the recorder's office in Los Angeles and said records will be introduced in evidence. In another place it is averred that H. E. Foster had complete charge of the drilling operations and of the amount of money expended in drilling. If such latter statements are true, it is patent that the forty witnesses designated were cumulative and not necessary.

The defendants designate about thirty witnesses by whom they intend to prove that such witnesses "are fully acquainted with the title to said property and the situation of

the same with reference to a producing well, that all of said witnesses can testify to the statements made to them at the time certain Certificates for Royalty Assignments were made and offered for sale; that a majority of said witnesses above named are holders of Certificates for Royalty Assignments issued by the defendant corporation.'' A comparison will disclose that this latter group of witnesses are in part cumulative of the first group on the subject of title and that the best evidence on that subject was the records of Los Angeles County, copies of which the defendants alleged they intended to produce. It will further appear from such examination that the additional facts to which the latter group will testify are facts that were utterly immaterial to the case on trial.

It will serve no purpose to further extend this opinion in showing the defects in the showing made by the appellants.

The order appealed from is affirmed.

Koford, P. J., and Nourse, J., concurred.