[Civ. No. 13654. Second Dist., Div. Two. June 9, 1942.]

JOAO ROCHA BORBA, Respondent, v. FRANCISCO VAZ
TOSTE et al., Appellants.

Lewis D. Collings for Appellants.

Thomas F. Lopez for Respondent.

MOORE, P. J.—The question for decision in this case is whether there was an abuse of discretion by the trial court in ordering the place of trial to be changed from Los Angeles to Tulare County upon the ground of convenience of the witnesses of plaintiff.

It is conceded by defendants that the determination of a motion for change of venue upon the ground of convenience of witnesses rests largely in the sound discretion of the court and that its order will not be disturbed except for an abuse

of such discretion (citing *Pascoe* v. *Baker,* 158 Cal. 232 [110 Pac. 815] ; *Scott* v. *Stuart,* 190 Cal. 526, 527 [213 Pac. 947] ; *Wrin* v. *Ohlandt,* 213 Cal. 158, 159 [1 P. (2d) 991]).

However their contention on this appeal is that, notwithstanding their showing that the convenience of the witnesses would be secured and the ends of justice would be promoted by a denial of plaintiff's motion, yet there is absolutely no showing to the contrary by plaintiff. (*First Trust Joint Stock Land Bank* v. *Meredith,* 16 Cal. App. (2d) 504 [60 P. (2d) 1023, 62 P. (2d) 369].) In other words, they insist that there is no conflict in the evidence contained in the affidavits nor is there a denial of the effect of such evidence that the plaintiff voluntarily entered into the transaction which he seeks to have cancelled; that he was fully advised with reference thereto; that he thoroughly understood the significance of his act; and that defendants have expended on plaintiff's behalf sums greatly in excess of the value of the property transferred by deed from him to defendants.

By the complaint and by plaintiff's affidavit supporting his motion, it appears that plaintiff owns 22 acres of land in the Island of Terceira, Azores, of the value of $2,200; that taking advantage of his blindness and infirmities defendants visited him and induced him to leave the Old People's Home at Visalia June 14, 1937, to live with them at Los Angeles for the purpose of defrauding him of his island acres; that while residing with defendants in August, 1937, defendants prevailed upon plaintiff to make a deed conveying to them his land by requesting him to execute a writing which they stated was an application for him to enter the County Hospital of Los Angeles County. It is undisputed that on or about March 8, 1938, defendants returned plaintiff to the Old People's Home at Visalia but did not reconvey his property and did not pay the sums of money which they promised him before removing him from the Home, or the sums they promised to pay plaintiff at the time they returned plaintiff to the Home. Such sums are declared in counts two and three.

The cause having been transferred from Tulare County, the venue of its origin to the Superior Court of Los Angeles County on the unopposed motion of defendants on the ground of residence, thereafter in August, 1941, plaintiff presented his motion for a transfer of the cause from Los Angeles to Tulare on the ground of the convenience of witnesses. By

plaintiff's affidavit supporting his motion for transfer to Tulare County, it is established that plaintiff is impecunious, weak and blind; that he is confined to the Old People's Home; that the condition of plaintiff is such that an attendance upon a trial in Los Angeles County would work a great hardship upon plaintiff and might be dangerous to his health and life; that he has no funds to transport himself from Tulare County and no funds to pay the travelling expenses of his witnesses; that witnesses Bettincourt, Mendez, Borba, Pereira, Cotta, Johnson and Burney reside in Tulare County, more than 100 miles from Los Angeles County and cannot be required by subpoena to attend court there.

The affidavits presented on behalf of defendants set forth that Messrs. Danielson and Stout reside in Los Angeles; that they were witnesses to the execution of the deed in question; that defendants are financially unable to attend court in Tulare County or to convey their witnesses thither or to take their depositions or to employ counsel there; that the witnesses Danielson and Stout who reside in Los Angeles County are the only witnesses to the execution of the deed except plaintiff and defendants; that the last named witnesses are the only strangers to the transaction who can give proof of the agreement of the parties at the time. Because of the claim that only their witnesses know of the occurrences at the time of the delivery of the deed, defendants assert that there is no showing sufficient to overcome their proof that the convenience of witnesses and the ends of justice will be served by retaining the place of trial at Los Angeles. (*Wrin* v. *Ohlandt, supra.*)

The affidavits on behalf of both parties consume many pages in outlining factual matters to be offered in proof of the issues created by the pleadings. While the nature of the transaction, the relationship and conduct of the parties are of interest in enabling us to determine whether the witnesses named in the affidavits are material and necessary as a part of the proof to be offered, at the same time, our primary concern is whether the court was unreasonable in making an order transferring the case to Tulare County. In view of the allegations of the complaint, the testimony of the plaintiff is indispensable in the chain of his proof. While the general rule is that the convenience of a litigant will not be considered on a motion for a transfer of the place of trial on the ground of convenience of witnesses (*Wrin* v. *Ohlandt,*

*supra*), yet where a party is in such a state as to render it impracticable for him to be transported to a distant forum for the purpose of giving his testimony and where his testimony is an important part of his proof, it appears to be in furtherance of justice to consider his convenience also. Moreover the testimony of the witnesses Burney and Johnson, employees of the Old People's Home, is material proof for plaintiff.

While defendant Francisco avers his inability to travel to Visalia to attend sessions of court, it appears from the record and from reasonable inferences therefrom that he is comparatively a young man free from disease; that he once visited Visalia to convey plaintiff thence to Los Angeles and that some eight months later he reconveyed plaintiff back to the Old People's Home. Also it appears that the records of the Old People's Home will be material evidence in the case and can be offered only through the agency of witness Burney. From such facts and inferences, we cannot say that the trial court abused its discretion in granting the motion to change the place of trial. While it is true that Messrs. Danielson and Stout are the only witnesses aside from the parties themselves to the delivery of the deed, yet at the same time, in view of the nature of the action and of the allegation that defendants visited the Old People's Home some two months before the deed was executed and induced plaintiff to come to live with them in their home, the testimony of the officials of the Home at Visalia might prove to be the important evidence in the trial. Where fraud is made the basis of an action to recover his total wealth by a party who is physically incompetent to aid himself, it would not be promotive of justice to deprive him or his witnesses of attendance at the forum where the issues he has raised are to be tried. Especially is this true where the venue he seeks for his convenience is the county of his residence, the place where his witnesses reside and wherein the first and last acts in his narrative occurred.

Order affirmed.

Wood (W. J.), J., and McComb, J., concurred.