[Civ. No. 14297.   Second Dist., Div. One.   Nov. 17, 1943.]

W. M. KROESEN et al., Respondents, v. JAMES M. GORDON, Appellant.

386

Maurice Gordon for Appellant.

J. Maxwell Peyser for Respondents.

THE COURT.—This is an appeal from an order granting respondents' motion "for a change of venue for trial" of the herein action to the county of Santa Cruz.

The statement of appellant as to the question involved is as follows: "Was it error for the trial court to grant a motion for a change of venue of an action for damages for fraud (a noncontractual action) from the county of residence of the appellant to the county of residence of respondents upon the ground of convenience of witnesses, (a) where it is not alleged by respondents that any witnesses would be called or used on behalf of respondents other than respondents themselves, and (b) where appellant alleges that he will call and use witnesses necessary to the presentation of his defense who reside in and have their places of business in the county from which the action is ordered transferred?"

However, the real question is as stated by respondents in their "restatement of question involved," to wit:

"Is it an abuse of discretion for a Court to grant a motion for a change of venue on the ground of convenience of witnesses and that the ends of justice will be promoted by keeping the place of trial in the county where the action was originally filed, and where it appears that the affidavits of the moving parties and the counteraffidavits contradict each

other and there is a conflict of evidence concerning such facts?''

This case was originally filed in the county of Santa Cruz. The defendant-appellant moved to transfer the matter to the county of Los Angeles for trial, on the ground that he was a resident of the latter county, and an order was properly made by the Superior Court of Santa Cruz County transferring the case to Los Angeles County for trial. Thereupon, plaintiffs-respondents made their motion for a retransfer of the cause to the Superior Court in and for the County of Santa Cruz, on the grounds that (a) the various transactions stated in their complaint began and were completed in the City of Santa Cruz, County of Santa Cruz, State of California; and (b) upon the further ground of convenience of witnesses; and (c) that the ends of justice would be promoted by keeping the place of trial in the county of Santa Cruz where the action was originally filed.

Although there are some contradictions in the facts as stated in the affidavits, it does appear from the affidavit of respondent W. M. Kroesen that he is a man well along in years, in very poor health, and that he requires the constant attention of his wife, respondent Myrtle C. Kroesen. It further appears from affidavits on file that it would be extremely dangerous for respondent W. M. Kroesen to leave the city of Santa Cruz. Moreover, affidavits on file also show that the matter cannot properly be presented in court without the presence of the said respondent W. M. Kroesen.

Without going into detail as to the facts presented by the affidavits, there was sufficient showing made to the Superior Court of Los Angeles County to justify that court in concluding that it was necessary for the trial to be held in the county of Santa Cruz in order to promote the ends of justice. Hence, there was no showing of an abuse of discretion.

It appears to this court that the appeal is frivolous and absolutely without merit.

The order appealed from is affirmed.