[Civ. No. 14189.   First Dist., Div. Two.   Apr. 20, 1950.]

M. H. SIMONIAN, Respondent, v. K. H. SIMONIAN, Appellant.

Albert Picard for Appellant.

Astor Elmassian for Respondent.

DOOLING, J.—Defendant appeals from an order granting a change of place of trial from the city and county of San Francisco to the county of Los Angeles.   The action is one for dissolution of a partnership in which there is a cross-complaint and the issues are such that the testimony of the parties will be material and important.

Plaintiff's affidavit filed in support of his motion, after reciting that he is a resident of Los Angeles, contains the following averments:

"That affiant on or about the month of May, 1948, became sick with an heart attack by reason thereof affiant has been and now is confined in a Sanatorium . . .

"That your affiant is suffering from a serious heart ailment and that if he were compelled to go to San Francisco, a distance of 400 miles from Los Angeles, to prosecute said action and defend same might have a serious consequences to his life, and his doctor has warned him to avoid undue strain and travel."

Ordinarily the convenience of a litigant is not considered on motion for change of venue.   (*Wrin* v. *Ohlandt*,

213 Cal. 158 [1 P.2d 991]; *Di Giorgio Fruit Corp.* v. *Zachary*, 60 Cal.App.2d 560 [141 P.2d 8]; *Carnation Co.* v. *El Rey Cheese Co.*, 92 Cal.App.2d 726 [208 P.2d 63].) However in two comparatively recent cases it has been held that when the serious illness of a party will prevent his traveling to attend the trial in the other county and his testimony is material such facts may justify an order changing the place of trial to the county of his residence. (*Kroesen* v. *Gordon*, 61 Cal. App.2d 385 [142 P.2d 935]; *Borba* v. *Toste*, 52 Cal.App.2d 591 [126 P.2d 655].) The code authorizes the court to consider ''the ends of justice'' as well as ''the convenience of witnesses'' (Code Civ. Proc. § 397, subd. 3) and when one party who is a material witness cannot safely travel to the other county to give his testimony by reason of his physical condition the ends of justice would be promoted by transferring the trial to the county of his residence.

Appellant points out that in its order denying a hearing in *First-Trust Joint S. L. Bk.* v. *Meredith*, 16 Cal.App.2d 504, 510 [60 P.2d 1023, 62 P.2d 369] the Supreme Court withheld its approval of a statement in the opinion of the District Court of Appeal ''that the convenience of witnesses who are parties is a factor in determining a motion for change of venue.'' Although a party was incapacitated for travel by age and illness the point was not necessary to the decision in that case and the opinion of the Supreme Court wisely left the question open. In the later cases above cited the point had to be decided and we believe the proper rule was there announced that while ordinarily the convenience of parties is not to be considered this is not true where one party's physical condition will make it impossible or dangerous to his health to travel to a distant county to give material evidence. We can find no abuse of discretion in this case.

Order affirmed.

Nourse, P. J., and Goodell, J., concurred.

The opinion was modified to read as above and a petition for a rehearing was denied May 20, 1950. Appellant's petition for a hearing by the Supreme Court was denied June 12, 1950.