[Civ. No. 8128.   Third Dist.   May 23, 1952.]

DOROTHY D. FIGLEY et al., Respondents, v. CALIFORNIA ARROW AIRLINES (a Corporation) et al., Appellants.

A. J. Blackman for Appellants.

Bradford, Cross, Prior & Dahl, Philip C. Wilkins and Alfred P. Peracca for Respondents.

VAN DYKE, J.—Plaintiffs and respondents, the widow and mother of Vincent T. Figley, deceased, brought action in Solano County to recover damages for his death which they alleged had been negligently caused by defendants and appellants through operation of an airplane on which he was a passenger. It is admitted that he was such passenger and was killed when the plane crashed against a hill in Solano County. After answering, appellants moved for a change of venue from Solano County to Los Angeles County on the ground of convenience of witnesses. (Code Civ. Proc., § 397, subd. 3.) Their motion was denied and they appeal.

The granting or refusal of such a motion rests in the discretion of the trial court and that court's action will not be disturbed on appeal except for abuse of that discretion. (*Wood* v. *Silvers,* 35 Cal.App.2d 604, 607 [96 P.2d 366].)

The affidavits presented in support of, and opposed to, the motion are considered with the object of conveniencing the witnesses and serving the ends of justice and mere numerical majority of witnesses on one side or the other does not necessarily determine the merits. (*Id.*) While ordinarily the convenience of a litigant is not considered, yet serious illness or other disability of the party which will prevent travel to attend the trial will justify an order granting or denying a change even as against the interests of a numerical majority. (*Simonian* v. *Simonian,* 97 Cal.App.2d 68 [217 P.2d 157].) The code authorizes the court to consider "the ends of justice" as well as "the convenience of witnesses."

Appellants presented affidavits by two people to the effect that eight others would be material witnesses, all of whom were residents of Los Angeles County. Six were officials of the Civil Aeronautics Administration who, in pursuit of their official duties, went to the scene of the crash to investigate the causes thereof. The two others had also investigated such causes at the scene. As to all eight it is averred that they "have personal knowledge of the propriety of operation of said aircraft" or "personal knowledge of the circumstantial evidence indicating proper operation and control" thereof. Just what these men saw and why it is that what they saw

indicates proper operation and control of an aircraft which crashed a hill on a routine flight from Oakland to Sacramento is not disclosed; but the trial court had the conclusion of the two affiants who were not there that what these men saw would so indicate. Affiants allege that there are no eye-witnesses to the wreck and to the ensuing holocaust which cost the lives of all on board.

Opposed to this showing stands the lone affidavit of decedent's mother, a party litigant and respondent herein, who avers that she is 67 years old, impoverished and without funds to finance a trip to Los Angeles to testify; that she lives with her daughter and granddaughter who are pooling their resources in order to exist without the necessity of asking for relief; that her health is poor; that she is under a doctor's care; that because she is ''going blind'' she cannot get about without help, which she avers she has no way of getting in Los Angeles, whereas her relatives could assist her during a Solano County trial which, as the court knows judicially, is a short trip from her home in Sacramento; that she is a material witness to establish the decedent's educational and financial attainments, his contributions to the support of, and his love and affection toward, the parties plaintiff.

We think little need be said beyond the foregoing statement of the contents of the opposing affidavits to make it clear that the action taken by the trial court in denying the motion for change of venue was within discretionary limits and must be affirmed. Brief consideration of the averred facts will sufficiently demonstrate this. The trial court could well conclude as to the eight witnesses named in the affidavits in support of the motion that only one or two would be necessary to establish the physical facts which were observed and concerning which there could reasonably be little, if any, dispute; and that the real value of their testimony would lie in their expert knowledge as to what these observed facts indicated touching the issue of negligence or none. And the court could have considered that it would be entirely unnecessary that eight expert witnesses or any more than one or two would be needed to give such conclusions as might be drawn from their expert knowledge. ▮ Generally, the convenience of experts should not be considered in determining the question of convenience of witnesses on application for change of venue except where the experts have a personal knowledge of the facts upon which their testimony is to be based. (*Security Investment Co.* v. *Gifford,* 179 Cal. 277 [176 P. 444].)

In this case, as we have commented, the court might well have considered that what one of these men knew it would be reasonable to suppose all knew, and hence the exception to the rule above stated, based upon personal knowledge of the experts, would have no application. Furthermore, it appears that six of these eight witnesses whom the appellants desire to convenience are public officials and it is to be supposed that they, being such, would be willing at the least to appear and give to the trier of facts the benefit of their expert knowledge in ascertaining the cause of the catastrophe, for it is the duty of even private citizens, and much more so of officials within the scope of their official duties, to so aid the courts of the country. Enough has been said, we think, to show the truth of what was hereinbefore asserted, that, considering the showing on both sides, the trial court was confronted with a situation where it could have decided the motion either way and its action in deciding as it did cannot be here disturbed.

The order appealed from is affirmed.

Adams, P. J., and Schottky, J. pro tem., concurred.