[Civ. No. 19859. Second Dist., Div. Two. Mar. 16, 1954.]

SAMUEL RIOS, a Minor, etc., et al., Respondents, v. LACEY TRUCKING COMPANY, INC. (a Corporation) et al., Defendants; JOHN A. LACEY et al., Appellants.

[Civ. No. 19860. Second Dist., Div. Two. Mar. 16, 1954.]

MANUEL LOPES, a Minor, etc., et al., Respondents, v. LACEY TRUCKING COMPANY, INC. (a Corporation) et al., Defendants; JOHN A. LACEY et al., Appellants.

[Civ. No. 19861. Second Dist., Div. Two. Mar. 16, 1954.]

ALFONSO GRAJEDA, a Minor, etc., et al., Respondents, v. LACEY TRUCKING COMPANY, INC. (a Corporation) et al., Defendants; JOHN A. LACEY et al., Appellants.

Hildebrand, Bills & McLeod and D. W. Brobst for Respondents.

FOX, J.—These actions for personal injuries and wrongful death arose out of a collision in Madera County, California, between a 1936 Ford sedan in which the plaintiffs were riding, and a truck and trailer owned by John A. Lacey, doing business as Lacey Trucking Company. Defendant Fordice was operating the truck at the time of the accident. Mr. Lacey is a resident of and has his principal place of business in Los Angeles County.

Upon issue being joined, defendants filed identical motions in each case for a change of venue to Madera County upon the ground that "the convenience of witnesses and the ends of justice will be promoted by changing the place of trial from said Los Angeles County to said Madera County." The motions were based on Code of Civil Procedure, section 397, subdivision 3.* Defendants appeal from the orders denying their motions.

Preliminarily, it should be noted that these actions were properly filed in Los Angeles County since this county is the residence of defendant Lacey and his principal place of business is located here. (Code Civ. Proc., § 395.)

In an affidavit in support of the motions by Robert M. Stevenson, one of counsel for defendants, it appears that defendant Fordice is a resident of Bakersfield, Kern County, and is employed "as a line haul driver" by defendant Lacey between Bakersfield and various points north of the city of Madera, in the State of California; "that leaving said city

---

*Section 397, subdivision 3, reads in part as follows: "The court may, on motion, change the place of trial in the following cases: . . . 3. When the conveniences of witnesses and the ends of justice would be promoted by the change; . . ."

for any length of time will prevent him from making his normal trips in the course of his employment . . ." This affidavit then states that one Himes was "present at the scene of the accident" and gives a resumé of his anticipated testimony. Mr. Himes is a resident of the city of Kerman, Fresno County, and "is self-employed in and around the said city" which is approximately 15 miles south of Madera and 230 miles north of Los Angeles. Leaving Kerman for any length of time, says the affidavit, "will seriously interfere with his occupation causing him great loss" and, continues the affidavit of counsel, "it will be more convenient for him to appear in Madera than in Los Angeles." The other two witnesses are members of the California Highway Patrol stationed in Madera who investigated the accident.

Two affidavits were filed in opposition to the motions. One was by Manuel Hermosa, an investigator for counsel for plaintiffs, who stated that pursuant to such employment, "he contacted witnesses in Madera and canvassed the neighborhood adjacent to the scene of the accident; that during the course of his investigation he interviewed approximately fifteen (15) or twenty (20) people; that in the course of these interviews, the majority of the people interviewed told him that they were not interested, that it was just a bunch of Mexicans that had been hurt, reflecting a general prejudice against Mexican workers in this area; that thereafter, because of this expressed prejudice against the Mexican workers in this area, he inquired generally as to whether or not a fair trial could be had in Madera; that due to the general prejudice he experienced in interviewing witnesses, it is his opinion that a fair trial could not be had by Mexican workers in the courts of Madera." The other affidavit was by D. W. Brobst, one of counsel for plaintiffs. He states that these cases will be tried before a jury; that he has talked to investigator Hermosa and as a result of the information received from him "that there is a general prejudice in and around Madera against Mexican workers" it is his opinion that "it would be extremely difficult to obtain an unbiased jury" due to this general feeling.

■ . Subdivision 3 of section 397, Code of Civil Procedure, contains conjunctive conditions, both of which must be established before the moving party is entitled to change the place of trial; "it is not only necessary that the convenience of witnesses be promoted but equally essential that 'the ends

of justice' be promoted before the court is justified in granting the motion." (*Churchill* v. *White,* 119 Cal.App.2d 503, 507 [259 P.2d 974]; *Willingham* v. *Pecora,* 44 Cal.App.2d 289, 295 [112 P.2d 328]; *Figley* v. *California Arrow Airlines,* 111 Cal.App.2d 285, 286 [244 P.2d 472].) ■ "The burden of proving both of these conditions is necessarily on the moving party." (*Willingham* v. *Pecora, supra.*)

■ A motion for a change of the place of trial on the ground that the convenience of witnesses and the ends of justice would be promoted by the change is committed to the sound discretion of the trial court and its determination will not be disturbed on appeal unless it clearly appears, as a matter of law, that there has been an abuse of such discretion. (*Sowers* v. *Sowers,* 127 Cal.App. 579, 582 [16 P.2d 176]; *Rice* v. *Schubert,* 101 Cal.App.2d 638, 642 [226 P.2d 50].)

■ Upon examination of the affidavit in support of the motion re convenience of witnesses it is immediately apparent that the convenience of Mr. Fordice cannot be considered in the absence of unusual circumstances since he is a party. (*Wrin* v. *Ohlandt,* 213 Cal. 158, 160 [1 P.2d 991]; *Carnation Co.* v. *El Rey Cheese Co.,* 92 Cal.App.2d 726, 728 [208 P.2d 63].) As to the two highway patrolmen, both would testify to the same facts, so one officer's testimony would only be cumulative of the other and therefore unnecessary. It does not appear that one of these officers could not attend the trial in Los Angeles, or that such attendance would unduly interfere with the work of the office in Madera. Nor are any facts stated to support the conclusion of the affiant that the absence of a state highway patrolman for a brief period for the purpose of testifying to facts ascertained in the course of his official duties could cause him "great loss." As to witness Himes, the nature of his business is not disclosed. It is simply stated that "he is self-employed in and around the city of Kerman" in Fresno County. Whether his work is regular, intermittent or part time does not appear. No facts are stated in support of affiant's conclusion that his absence from Kerman "for any length of time will seriously interfere with his occupation causing him great loss." It does not appear that Himes was either unable or unwilling to come to Los Angeles to testify.

On the question of the convenience of witnesses it thus appears that the court was required to consider the convenience of only two, and that there is a conspicuous absence

of factual support for counsel's conclusion that it would cause these two men "great loss" to come to Los Angeles for this trial. The trial court no doubt took this into consideration in determining the weight to be given the affidavit in support of the motions.

We come now to a consideration of the affidavits in opposition to the motions. While these affidavits are not in commendatory detail they are sufficient to raise the question as to whether or not these plaintiffs could likely obtain an unbiased jury and a fair trial in Madera County. ■ The weight to be given to these affidavits was of course for the trial court to determine.

Defendants assert that the record fails to show that plaintiffs are Mexican workers and therefore fails to show they fall within the class of persons against whom it is claimed prejudice exists in Madera County. It is true that plaintiffs are not specifically referred to as Mexican workers but the trial court could reasonably have drawn such an inference from the Hermosa affidavit.

Defendants further contend that plaintiffs have prematurely raised the question of the difficulty of their getting a fair trial in Madera County. They point out that subdivision 2 of section 397, Code of Civil Procedure, authorizes the court to change the place of trial "When there is reason to believe that an impartial trial cannot be had therein," i.e., in the county where the action is then pending. Hence, they argue, a motion for a change of venue on this latter ground would have to be made in Madera County after the action had been transferred there. The answer to this argument is that plaintiffs are not moving for a change of venue on the ground that an impartial trial cannot be had in Madera County, or upon any other ground. They are not making *any* motion. Defendants are making the motion for change of place of trial. One of the elements they must establish is that "the ends of justice would be promoted by the change." (Code Civ. Proc., § 397, subd. 3.) ■ Plaintiffs' affidavits are addressed to that question, and properly so, for the ends of justice would not be promoted if, by the change, a fair trial was unlikely, for such a trial is the very essence of justice. To hold that matters relating to a fair trial could not be considered in this proceeding but only by the Madera Superior Court upon motion of the plaintiffs after the case had been transferred there, would not promote "the ends of justice," for it would mean both delay and extra expense.

In passing on these motions it was the trial judge's responsibility, in the exercise of a sound discretion, to weigh and evaluate (1) the inconvenience to Mr. Himes and to one of the highway patrolmen from Madera if the trial is held in Los Angeles, and (2) the uncertainty of the plaintiffs' getting a fair trial if the litigation is transferred to Madera County. As was said in *Figley* v. *California Arrow Airlines,* 111 Cal.App.2d 285 [244 P.2d 472], ''considering the showing on both sides, the trial court was confronted with a situation where it could have decided the motion either way and its action in deciding as it did cannot be here disturbed.'' (P. 288.)

The orders are affirmed.

Moore, P. J., and McComb, J., concurred.