[Civ. No. 20295.   Second Dist., Div. Two.   Sept. 13, 1954.]

EVERETT W. DeLONG et al., Respondents, v. CHESTER A. DeLONG, Appellant.

King & Ghidella for Appellant.

Herbert Gall, Edward Fitzpatrick and John U. Gall for Respondents.

McCOMB, J.—From an order denying defendant's motion for a change of venue, he appeals.

### Chronology

1. On March 26, 1952, plaintiff filed a complaint against defendant to recover for breach of contract for medical services rendered to defendant and defendant's wife.

2. On October 15, 1953, defendant filed (a) notice of motion for change of venue on the ground that the convenience of witnesses and the ends of justice would be promoted by granting a change of venue from Los Angeles County to the county of Napa, and (b) a demurrer to the complaint.

3. On October 23, 1953, the court (a) denied the motion for a change of venue and (b) sustained the demurrer to the complaint with leave to amend.

4. Notice of appeal from the order denying the motion for change of venue was filed on December 16, 1953.

It is to be noted that at the time of the hearing on the motion for change of venue an answer to the complaint had not been filed.

*Question*: *Did the trial court err in denying the motion for change of venue?*

*No.* ■ First, the notice of motion for change of venue did not specify the residence of defendant as a ground for granting the motion. The only basis for the motion stated in the notice was "on the ground that the convenience of witnesses and the ends of justice would be promoted by the change." Therefore, the trial court could not properly consider the county of defendant's residence as a ground for granting the motion since section 1010 of the Code of Civil Procedure reads in part as follows: "Notices must be in writing, and the notice of a motion, other than for a new trial, must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based."

■ Second, a motion for change of venue on the ground of the convenience of witnesses will not be entertained when defendant has appeared by demurrer only and has not filed an answer. (*Cook* v. *Pendergast,* 61 Cal. 72, 76; *Wong Fung Hing* v. *San Francisco Relief & Red Cross Funds,* 15 Cal. App. 537, 538 et seq. [115 P. 331]; *cf. Lancel* v. *John C. Benwell, Inc.,* 81 Cal.App. 447, 448 [253 P. 963]; *Pascoe* v. *Baker,* 158 Cal. 232, 235 [110 P. 815]; *Dawson* v. *Dawson,* 83 Cal.App. 119, 120 [256 P. 491]; *Gordon* v. *Perkins,* 203 Cal. 183, 185 [263 P. 231].) Therefore, since no answer had been filed the trial court properly denied the motion made upon the ground of the convenience of witnesses.

*Figley* v. *California Arrow Airlines,* 111 Cal.App.2d 285 [244 P.2d 472]; *Simonian* v. *Simonian,* 97 Cal.App.2d 68 [217 P.2d 157]; *Kroesen* v. *Gordon,* 61 Cal.App.2d 385 [142 P.2d 935], and *Borba* v. *Toste,* 52 Cal.App.2d 591 [126 P.2d 655], relied upon by defendant, are not here in point for the reason that in each of the cited cases an answer had been filed prior to the time the court ruled upon the motion for a change of venue.

Affirmed.

Moore, P. J., concurred.