[No. B026005. Second Dist., Div. Four. Aug. 24, 1987.]

MICHAEL LIEBERMAN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
VOLKSWAGEN OF AMERICA, INC., et al., Real Parties in
Interest.

COUNSEL

Harney, Wolfe, Pagliuso, Shaller & Carr, James J. Pagliuso and David M. Harney for Petitioner.

No appearance for Respondent.

Herzfeld & Rubin, Gary S. Yates, Seymour W. Croft, Joseph A. Montoya, Ronald I. Harrison, Milton B. Kane and William R. Morrisroe for Real Parties in Interest.

OPINION

WOODS, P. J.—In this proceeding in mandamus, Michael Lieberman (petitioner), a plaintiff in a personal injury action, seeks to vacate the order of the court below granting the motions of the State of California and Volkswagen of America, Inc., and Volkswagenwerk Aktiengesellschaft to transfer the venue of his action from Los Angeles County to Inyo County. The motions were brought under Code of Civil Procedure section 397, subdivision 3, which permits such transfer "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." We grant the petition.

This action arises from a single vehicle accident that occurred at 8 o'clock in the morning on November 27, 1982, when a Volkswagen "micro bus" van allegedly rolled over on a stretch of state Highway 190 in Inyo County. The only witnesses to the accident were petitioner, who was a passenger in the van, and William Mitchell, the driver. As a result of the accident, petitioner is a paraplegic.

On June 9, 1983, petitioner filed suit in the Superior Court of Los Angeles County. Named in his complaint were Volkswagenwerk, A.G., Volkswagen of America, Inc., Volkswagen Pacific, Inc., and the State of California. Petitioner alleged three causes of action: negligence against all defendants; breach of warranty against the Volkswagen defendants; and products liabili-

ty against the Volkswagen defendants. The basis of petitioner's claim against the state were allegations as to the "dangerous and defective condition" of the road on which the accident occurred.

On September 28, 1983, one of the Volkswagen defendants, Volkswagen of America (VoA), answered the complaint. On October 7, 1983, petitioner voluntarily dismissed his cause of action against the state without prejudice. The dismissal was based on petitioner's desire to "maintain venue in Los Angeles County rather than to transfer it to Inyo County."[1]

On March 12, 1984, VoA filed a motion to transfer venue for the "convenience of witnesses and [to further] the ends of justice," (Code Civ. Proc., § 397, subd. 3) to Inyo County. VoA's motion listed 13 potential witnesses whose convenience would allegedly be served by changing venue. Eight of these witnesses were people who arrived at the scene of the accident after it occurred. The five remaining witnesses were medical people involved in the treatment of petitioner. VoA also claimed that, since the condition of the road where the accident occurred was an issue in petitioner's claim against the state, a jury view might be necessary and this would be more easily done if the action was in Inyo County.

On April 18, 1984, the motion was denied without prejudice.

On March 3, 1986, Volkswagenwerk Aktiengesellschaft (VWAG) was served with the summons and complaint. On April 2, 1986, VWAG filed its answer and, concurrently, filed a cross-complaint against the state. The state moved to change venue in Inyo County under Government Code section 955.2.[2] The Volkswagen defendants joined this motion. This joinder was based largely on VoA's previously unsuccessful motion to transfer venue with the addition of a new declaration from one of VWAG's engineers pertaining to the necessity of a jury view of the accident site.

On October 7, 1986, the state's motion was denied because "the State . . . is not a *defendant* in an action for death or injury. Rather, it is a cross-defendant in an action for indemnity." (Italics in original.) However, the denial was "without prejudice to a straightforward motion by the State of California . . . to change venue on the ground of convenience of witnesses."

---

[1] Apparently, petitioner feared that the state would bring a motion to transfer the action to Inyo County under Government Code section 955.2 which provides in part: "[W]here the State is named as a defendant in any action or proceeding for death or injury to person . . ., the proper court for the trial of the action is a court of competent jurisdiction in the county where the injury occurred . . . ."

[2] See footnote 1, *ante.*

As to the Volkswagen defendants, noting that their prior motion to change venue had already been denied once, the court observed: "They cannot achieve by their support of [the State's] present motion what they already have been denied without significant additional evidence; if the engineer's declaration is such then these [defendants] should make a straightforward motion of their own."

Subsequently, the state once again moved to change venue to Inyo County, this time under Code of Civil Procedure section 397, subdivision 3. The state named 15 witnesses whose convenience it claimed would be served by the transfer of venue. Thirteen of the fifteen were state employees. The remaining two witnesses were police officers who had been previously named in VoA's unsuccessful motion to change venue.

The Volkswagen defendants once again "joined" the state's motion. They incorporated by reference their earlier motions but did not submit any new or additional declarations.

Petitioner filed three declarations in opposition to the motions: his attorney's, his own and that of William Mitchell, the driver. Petitioner's attorney claimed that the convenience of the only eyewitnesses to the accident, petitioner and Mitchell, would not be served by transfer of venue. He also stated that the two officers whose convenience the state claimed would be served by the transfer had agreed to testify in Los Angeles.

Petitioner's declaration detailed his continuing medical problems that would make it "extremely inconvenient and difficult" for him to attend trial outside of Los Angeles. Additionally, he claimed that the transfer would interfere with his employment. Mitchell's declaration also stated that a change of venue would interfere with his employment and effect a financial hardship upon him.

On January 1, 1987, the motion was heard. Petitioner's counsel argued that the declarations claiming inconvenience to the state's employees should be disregarded. The court conceded this was true as to the state "but it's not true as to Volkswagen," and that Volkswagen could call those state employees as part of its defense of the action. Despite this comment, the motions of both the state and Volkswagen were granted.

On January 27, 1987, petitioner filed a motion for reconsideration. Petitioner argued that it was error for the court to have granted the state's motion prior to the state having filed an answer to Volkswagen's cross-complaint. Petitioner also submitted a supplemental declaration in which he stated that he was unable to evacuate his bowels without the assistance of

his mother and that the expense and unlikelihood of finding another person to perform this task added to his inconvenience in attending trial in Inyo.

The court was unpersuaded. It termed the failure of the state to have filed an answer before bringing its motion a "technical defect" which had been cured. While the court said it was not considering "the state employees vis-à-vis the state's claim that it is entitled to a change of venue," the court nonetheless granted the state's motion. The court reiterated that the right of the Volkswagen defendants to call the state's employees as witnesses allowed the court to consider the convenience of those witnesses with respect to the motion of the Volkswagen defendants. Petitioner's motion to reconsider was denied.

On March 4, 1987, this petition was filed. On June 23, 1987, we issued an alternative writ.

 In a motion brought under section 397, subdivision 3, "the burden [of proof] rests on the party moving for transfer to establish grounds for change of venue, on the theory the plaintiff lays the venue and it is presumptively correct. [Citations.]" (*Pesses* v. *Superior Court* (1980) 107 Cal.App.3d 117, 124 [165 Cal.Rptr. 680].) "[I]t is not only necessary that convenience of witnesses be served, but it is equally essential that the ends of justice be promoted. [Citation.]" (*Wirta* v. *Vergona* (1957) 155 Cal.App.2d 29, 32 [317 P.2d 78].)

 While a motion made under this section is addressed to the discretion of the trial court, that discretion is not unfettered. For instance, except under limited circumstances, the court may not consider the convenience of the parties or of their employees in passing upon the motion. (*Peiser* v. *Mettler* (1958) 50 Cal.2d 594, 612 [328 P.2d 953, 74 A.L.R.2d 1] [convenience of parties not to be considered]; *International Investment Co.* v. *Chagnon* (1959) 175 Cal.App.2d 439, 446 [346 P.2d 209] [convenience of a party's employees not to be considered].)

There is, however, an exception to the rule prohibiting consideration of convenience to a party when "the serious illness of a party will prevent his traveling to attend the trial in the other county and his testimony is material . . . . [Citations.]" (*Simonian* v. *Simonian* (1950) 97 Cal.App.2d 68, 69 [217 P.2d 157]; *Kroesen* v. *Gordon* (1943) 61 Cal.App.2d 385, 387 [142 P.2d 935]; *Borba* v. *Toste* (1942) 52 Cal.App.2d 591, 593-594 [126 P.2d 655].) Likewise, a limited exception has arisen allowing a court to consider the convenience of witnesses who are employees of a party. That exception obtains when the employees are called as witnesses by the adverse party rather than on behalf of their employer. (*J. C. Millett Co.* v. *Latchford-*

*Marble G. Co.* (1959) 167 Cal.App.2d 218, 227 [334 P.2d 72] [". . . when such employees are being called by an adverse party, the court may properly consider their convenience. [Citation.]"]); *Harden v. Skinner & Hammond* (1955) 130 Cal.App.2d 750, 757 [279 P.2d 978] [". . . these (employee) witnesses are not being called by their employer to testify for such employer. They are being called by the adverse party and so are, as to him, ordinary witnesses."].)

■ In the case at bar, the court erroneously considered the convenience of the state's employees. We acknowledge the court's statement that it was not considering the convenience of the state's employees "vis-à-vis the state's claim" but, apparently, only with respect to the motion of the Volkswagen defendants.[3] Yet, as we shall demonstrate, to have considered the convenience of those employees for the purpose of either motion was error.

As noted, 13 of the 15 witnesses whose convenience the state claimed would be served by transfer of venue were its own employees. Obviously, by naming these employees the state was representing that it intended to call some or all of them to testify in its *own behalf*. The court below termed "incidental" the fact that the bulk of the state's witnesses were its own employees. On the contrary, this fact was crucial to a determination of its motions.

The exception to the rule banning consideration of employee-witnesses' convenience arises out of two cases, *Millett* and *Harden*. In each of these cases there were but two parties involved, plaintiff and defendant, and the employees of the defendant were being called by the plaintiff, alone, to establish an element of the plaintiff's case. (*J. C. Millett Co.* v. *Latchford-Marble G. Co., supra,* 167 Cal.App.2d at pp. 222, 223, 227; *Harden* v. *Skinner & Hammond, supra,* 130 Cal.App.2d at pp. 753, 757.) In the instant case, the state's employees were being called, first and foremost, by the state itself, the employer, for the purpose, presumably, of establishing a defense against VWAG's cross-complaint. Properly, then, the state's motion should have been denied.

Denial of the state's motion would, necessarily, have rendered Volkswagen's motion, which was essentially predicated on the state's motion, moot. Since the state's employees would now be compelled to appear in Los

---

[3] As we point out, eliminating the state's employees from consideration of its motion leaves only the two police witnesses whose convenience the state also claimed would be served by the transfer. Yet, according to petitioner's attorney, those officers had agreed to testify in Los Angeles, rendering their convenience a marginal consideration at best and certainly, in view of the demonstrated inconvenience to petitioner and his witness, a less than compelling basis upon which to grant the state's motion.

Angeles under the determination of the state's motion, they would be available to Volkswagen in Los Angeles. To allow Volkswagen to independently assert the inconvenience of the state's employees would simply allow the state to accomplish indirectly what it is directly prohibited from doing. The law does not, and we will not, countenance this. Under these circumstances, it was an abuse of discretion to have granted the motions of the state or Volkswagen as to the state employee witnesses.

Both the state and the Volkswagen defendants argue that the basis of the court's ruling granting Volkswagen's motion was VoA's earlier venue motions which involved witnesses other than state employees. A careful reading of the record, however, makes it clear that the court's order granting Volkswagen's motion was not based on those earlier motions. Indeed, the court noted that Volkswagen's "prior motions for change of venue, ruled upon by other judges, were denied because those motions were brought on other grounds." The obvious implication of this statement, amply supported by the transcripts of the two hearings on the motions, is that the court granted Volkswagen's motion based on the claim of inconvenience to the state's employees made by both the state and the Volkswagen defendants.[4]

The court below was correct in considering the convenience of petitioner in ruling on the venue motions, given the possibility that his disability might prevent him from attending the trial and the obvious materiality of his testimony. It is plain that these two factors weigh heavily in favor of maintaining the action in Los Angeles quite apart from the presumptive correctness of petitioner's choice of venue. Additionally, particularly in an action such as this, in which the plaintiff's physical condition is an issue at trial, it is important for the jury to view the plaintiff. Where, as here, transfer of venue might foreclose the possibility of the plaintiff attending the trial, the court should take special heed of the statutory admonition permitting transfer only if the "ends of justice" are served. This is not a matter, as the court below remarked, of being "sympathetic" to a disabled plaintiff; rather, it is a question of enforcing his rights as a litigant.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of February 2, 1987, denying petitioner's motion for reconsideration and enter a new and different order granting the motion and

---

[4] In addition to the contention of convenience of witnesses, both the state and the Volkswagen defendants claim transfer was appropriate to permit a jury view of the accident site. There is nothing in the record, however, that indicates this was a significant or even specific factor in the court's ruling. Rather, the court determined "the convenience of defense witnesses predominates in this case." The order, therefore, cannot be sustained on this ground. This contention would not support an order for change of venue, under the circumstances of this case, in any event.

vacating its previous order of January 2, 1987, which granted the motions to change venue, and enter a new and different order denying those motions.

Petitioner to recover costs, one-half from each of the two real parties.

Kingsley, J., and McClosky, J., concurred.